

COPY
*FILED

1  Ethan J. Loeb
2  SMOLKER, BARTLETT, SCHLOSSER, LOEB & HINDS, P.A.
   500 E. Kennedy Blvd., Suite 200
3  Tampa, FL 33602
   Telephone: 813-223-3888
4  Facsimile: 813-228-6422
   ethanl@smolkerbartlett.com
5  **Pro Hac Vice Application Pending**

6  David L. Baron, Esq. (SBN 105212)
7  Brent C. Clemmer, Esq. (SBN 179722)
   SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
8  1800 East Tahquitz Canyon Way
9  Palm Springs, California 92262
   Telephone (760) 322-2275
10 Facsimile (760) 322-2107
11 baron@sbelawyers.com

12 Attorneys for Intervention911, a California corporation

2013 JUN 21  PM 3:52

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY:_____

13
14              **UNITED STATES DISTRICT COURT**
15
                **CENTRAL DISTRICT OF CALIFORNIA**
16
17  INTERVENTION911, a California      )  ED CV 13 - 01117 mmm (OPx)
    corporation,                       )  CASE NO.
18                                      )  [Action Filed:
                                        )  Case Assigned For All Purposes to
19         Plaintiff(s),                )  Hon , Dept. ]
                                        )
20     v.                               )  COMPLAINT FOR INJUNCTION
                                        )  AND DAMAGES AND DEMAND
21                                      )  FOR JURY TRIAL
    CITY OF PALM SPRINGS, a             )  1.  DISCRIMINATION UNDER
22  California charter city,            )      THE FHA
                                        )
23         Defendant(s).                )  2.  DISCRIMINATION UNDER
                                        )      THE ADA
24                                      )
                                        )  3.  VIOLATION OF THE
25                                      )      CALIFORNIA FAIR
                                        )      EMPLOYMENT AND HOUSING
26                                      )      ACT
                                        )
27                                      )
                                        )
28 _____      )

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

1

Plaintiffs, Intervention911, a California corporation ("Intervention911"), through their undersigned counsel, file this Complaint for Injunction and Damages against the City of Palm Springs, California, (the "City").

## THE PARTIES, JURISDICTION, AND VENUE

1.     Intervention911 is a California corporation licensed to conduct business in the City.

2.     The City is a California charter city.

3.     This Court has jurisdiction over this action pursuant to 28 United States Code 1331 because the claims herein involve federal questions under federal anti-discrimination laws, namely the Fair Housing Act ("FHA"), as amended, 42 U.S.C. §§ 3601 *et seq.* (2013), Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et seq. (2013). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Intervention911's additional claims under state law because the state law claims relate to the federal law claims, arise out of a common nucleus of operative facts, and form part of the same case or controversy under Article III of the United States Constitution.

4.     Venue is appropriate in this Court pursuant to 28 U.S.C. 1391 (2013) because the claims alleged herein arose in the City of Palm Springs, which is within the jurisdictional boundaries of the Eastern Division of the Central District of the United States District Court of California.

## INTERVENTION911

5.     Intervention911 is a nationally recognized organization that provides services to persons who have drug and alcohol addiction.

6.     Since 2002, one of Intervention911's primary missions has been to provide intervention and rehabilitative-treatment-center referral services to the persons who have untreated drug and alcohol addiction and their families.

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

7.     Since its creation, Intervention911 has grown to become a nationally recognized organization that helps the persons who have untreated drug and alcohol addiction find ways in which to break addiction.

8.     Beginning in March of 2011, Intervention911 sought to expand its level of services to the persons who have untreated drug and alcohol addiction and their families by providing housing, known as "Sober Living Homes." Sober Living Homes are operated as a separate business unit, independent of intervention, referral, and post-treatment services.

9.     One of the principals of Intervention911, Ken Seeley, has prior experience in providing a safe and sober living environment similar to the housing that is the subject of this complaint.  Seeley has also been a member of the California Sober Living Coalition.

10.    The Sober Living Homes provided by Intervention911 does not provide any treatment or therapy to its residents. (the "Residents").  Rather, the Sober Living Homes are a place for the Residents to communicate, work, and share life experiences on a daily basis in a productive environment.

11.    The Residents are handicapped and disabled as defined by the FHA and ADA, respectively.

12.    Residency in Sober Living Homes, including the ones herein that are owned by Intervention 911, has been demonstrated to be necessary to helping the Residents maintain their sobriety, regain the ability to live independently, and to enjoy productive life styles.  At other times, the Sober Living Homes can be used to help individuals who are sober, maintain their sobriety and to provide the tools and support to avoid a relapse back into the use of alcohol and drugs.

## THE PLAN FOR THE SOBER LIVING HOMES

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

13.    The Sober Living Homes, provided by Intervention911 provides a family-like home life where the Residents live together collectively as a family unit and focus on maintaining sobriety.

14.    The Residents have the opportunity at the Sober Living Homes to cook, eat, do chores, and generally spend time together just like a normal family related by blood or marriage.

15.    There would be no time limit as to how long the Residents are able to stay at the Sober Living Homes.

16.    So long as they maintain sobriety, do not relapse, and follow a set of "house rules," the Residents can stay at the Sober Living Homes forever.

17.    Intervention911 provides no medical treatment or therapy to the Residents of the Sober Living Homes.

18.    The Sober Living Homes are not assisted living facilities, as defined by the City's land development code.

19.    The Sober Living Homes, are dwellings within the meaning of § 802(b) of the FHA, 42 U.S.C. § 3602(b).

### THE PALM TEE AND THE ALEXANDER

20.    Beginning in March 2011, Intervention911 engaged in due diligence to understand the way in which other group residences for persons in recovery from alcoholism and substance abuse were operated and regulated in Palm Springs.

21.    As part of the due diligence process, Intervention911 visited and interviewed other group residences for persons in recovery from alcoholism or substance abuse located in Palm Springs to understand the way in which such facilities were owned, regulated, and operated.

22.    Intervention911 soon learned that the City did not classify other group residences using multi-family structures for persons in recovery from

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

4

1   alcoholism or substance abuse as "substance abuse treatment facilities" or

2   "assisted living facilities."

3         23.    These group living arrangements were not required to apply for a

4   conditional use permit, nor were they designated as "changes in uses" for

5   building code purposes.

6         24.    Owners of the other group residences communicated to

7   Intervention911 that the City did not require any conditional use or special

8   exception approvals as a condition to operating.

9         25.    After performing further due diligence, Intervention911 located a

10  building historically operated as a multi-family apartment complex/vacation

11  rental commonly known as the Alexander Inn (the "Alexander").  Its previous

12  owner used the Alexander as a residence for long-term vacations in the Palm

13  Springs area, for related and non-related, non-disabled persons.  Residential

14  stays at the Alexander ranged from one day up to six months, and as long as

15  four or five years when operated as an apartment complex.

16        26.    The Alexander is a 5-unit building that can accommodate at least

17  17 Residents and up to to resident managers. The Alexander is located in a

18  fully developed area of muti-family units, small hotels and single family

19  homes, including a mixture of transient and residential uses.

20        27.    Intervention911 also located a building that was historically

21  operated as a hotel known as the Palm Tee Hotel (the "Palm Tee").  The

22  Palm Tee had been used by its previous owner as a long-term hotel that

23  provided housing to related and non-related, non-disabled persons for

24  residential uses from one day to nine months.

25        28.    The Palm Tee is a two story, 16-unit building that can

26  accommodate, by local codes, of at least 32 Residents and a resident

27  manager. The Palm Tee is located in a fully developed area of multi-family

28  units, small hotels and single family homes, and is surrounded by a mixture of

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

transient and residential uses.  The parcel has split zoning: the southern half of the parcel is R-3 and the northern half is R-2, lying with "Tourist Resort Commercial" by General Plan.

29.    Intervention911 intended that the Palm Tee and Alexander serve as the Residents' home during the length of their stay.

### THE DISCRIMINATORY ACTIONS BEGIN

30.    In November 2011, Intervention911 purchased the Alexander.

31.    Shortly thereafter, the City's Planning Director, Craig Ewing, started to email Intervention911 and contended that the Alexander was illegally providing help to persons in recovery from alcoholism and substance abuse.

32.    According to Ewing, Intervention911 had changed the use of the Alexander from a multi-family use to an assisted living facility, which in his opinion, triggered the need to obtain a conditional use permit from the City. Further, the change in use determination triggered requirements for enhanced fire suppression (including installation of sprinkler systems) and other code compliance upgrades.

33.    Ewing's decision to reclassify the use of the Alexander from a multi-family use to an assisted living facility was solely based on the disability of the Residents.

34.    In an effort to educate Ewing that there was no change in use at the Alexander, Intervention911 provided information and documentation as to the nature of the disability of the Residents, the Intervention911 concept and program, and information on the average length of stay of the Residents.

35.    For months thereafter, neither Ewing nor anybody else employed or affiliated with the City contended that the Alexander was an illegal use.

36.    Upon information and belief, the City has not required any other Sober Living Home or other similarly situated living programs for groups of

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

1  unrelated, nondisabled or disabled persons to obtain a conditional use permit

2  in order to occupy and use a residential dwelling within the City's.

3      37.   The City changed that prior course of conduct in 2012 when it

4  contended, and ultimately declared, that Intervention911 was operating a

5  public nuisance because the Residents pose a threat and risk to the citizens

6  of Palm Springs.

7  **THE 2012 ENCOUNTERS WITH THE CITY AND THE PALM TEE**

8      38.   In March 2012, Intervention911 purchased and opened the Palm

9  Tee to be used as a residence for males in recovery from alcoholism and

10  substance abuse.

11      39.   On April 9, 2012, the City's code compliance officer, Nadine

12  Feiger, visited Intervention911 to inquire about the "types" of people living at

13  the Alexander and Palm Tee.

14      40.   The principals of Intervention911 explained to Ms. Feiger that the

15  Palm Tee and Alexander provided a place for persons in recovery from

16  alcoholism and substance abuse to live together in a family type environment.

17  It was also explained that (i) the Palm Tee and Alexander *were not* being

18  used as a substance abuse service facility, a treatment center, or assisted

19  living facility; and (ii) the use of the Palm Tee or Alexander had not changed,

20  but were being used in the same manner as the previous owners .

21      41.   It was also explained to Ms. Feiger that there were no licensing

22  requirements from the State of California for the operation of the Palm Tee or

23  Alexander because Intervention911 was not providing any services that

24  required licensing or staffing.

25      42.   Ms. Feiger refused to accept this explanation, and continued to

26  characterize the use of the Alexander and Palm Tee as an assisted living

27  facility.   She then proceeded to issue notices of violation requiring

28  Intervention911 to take actions to bring its activities into compliance with the

City's code.   She made this determination with the knowledge that Intevention911 did not meet the City's definition of an assisted living facility and knowledge that Intervention911 did not provide any services that required licensing by the State of California.

43.   On April 12, 2012, the City issued a written notification to Intervention911 claiming that a conditional use permit ("CUP") was required in order to operate the Palm Tee and Alexander because they were, according to the City, assisted living facilities.

The City's zoning code defines an "Assisted living facility" as:

> a special combination of housing, supportive services, personalized assistance and health care licensed and designed to respond to the individual needs of those who need help with activities of daily living and instrumental activities of daily living. Supportive services are available twenty-four (24) hours a day to meet scheduled and unscheduled needs in a way that promotes maximum dignity and independence for each resident and involves the resident's family, neighbors and friends, and professional caretakers.

90.00.10, City of Palm Springs Zoning Code. Intervention911's operation of the Palm Tee and Alexander is not a licensed combination of health care, personalized assistance, and supportive services for the Residents. By definition, it does not qualify as an assisted living facility.

44.   Two weeks later, and on May 3, 2012, the City issued a Courtesy Notice of Violation (the "Courtesy Notice") to Intervention911 contending that the Palm Tee and Alexander were a Public Nuisance. According to the Courtesy Notice, Intervention911 was in violation of the Palm Springs Municipal Code, PSMC, 11.72.080 and Zoning Code section 92.03.01 C.

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

45.   Zoning Code section 92.03.01.C includes assisted living facilities as one of the types of uses on land that require CUP approval.  This section of the Zoning Code does not require owners of group residences for persons recovering from alcoholism or substance abuse to apply for a CUP.

46.   Nevertheless, the City contended that because Intervention911 did not have a conditional use permit, it was in violation of PSMC 11.72.080, which provides that "any violation of the zoning ordinance of the city is a public nuisance."

47.   On May 30, 2012, Intervention met with the City in response to the Courtesy Notice to explain the nature of the operations at the Palm Tee and Alexander.

48.   At the May 30 meeting, the City told Intervention911 that it was required to fill out an application for a CUP to continue operating the Palm Tee and Alexander.  According to the City, the Palm Tee and Alexander were being operated as an assisted living facility.   The City informed Intervention911 needed to complete and submit an application within 10 days or the City would take all necessary measures to close down Intervention911.  During this meeting, the City directed that Intervention911 fill out an application for a CUP to operate an assisted living facility similar to a local business commonly known as Michaels House.

49.   Michaels House is a licensed facility that provides treatment and care to persons undergoing rehabilitation from alcoholism or substance abuse.

50.   Intervention911 was not then, and is not now, operating an assisted living facility. But nevertheless, Intervention911 submitted a CUP application for an "assisted living facility."

51.   However, on June 21, 2012, Intervention911 met with the City to once again explain that it was not an assisted living facility, that it did not

provide treatment to the Residents of the Palm Tee or the Alexander, and that it did not want to provide services which required licensing from the State of California in order obtain a CUP approval.

52. City staff members ignored the information from Intervention911 and threatened Intervention911 with the cutting off of electricity if it didn't submit the CUP application. It was explained to Intervention911 that this is how the City treats "businesses" that refuse to apply for a CUP.

53. The City staff members directed Intervention911 to file its application for CUP immediately or face a similar fate as the businesses—i.e., the ones that lost electricity at the hands of the City—described in the preceding paragraph.

54. At the time the City made this threat, there were 40 Residents were living at the Alexander and Palm Tee. To avoid having a situation occur where the City decided to shut off electricity and potentially cause harm, and even relapse to the Residents, Intervention911 ceded to the City's demands for a CUP application.

## THE CONDITIONAL USE PERMIT APPLICATION

55. On June 25, 2012, Intervention911 submitted its CUP application.

56. On July 5, 2012, the City contacted Intervention911 and advised it that in the City's view, the application for CUP was incomplete and requested additional information.

57. As part of the request for additional information, the City demanded that Intervention911 provide more information about the "characteristics and backgrounds of the Residents."

58. This request for information is not required of other CUP applicants within the City.

59. Through July and August of 2012, surrounding neighbors who became aware of Intervention911's application flooded the City with demands

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

to deny the application and shut down Intervention911.

60.   None of the neighbors' objections were based on valid land use reasons, such as compatibility with the neighborhood or consistency with the City's zoning code and requirements.

61.   Instead, surrounding neighbors expressed discriminatory animus against Intervention911 and the Residents based upon (i) the disability of Residents; (ii) the unfounded belief that the Residents posed a threat to the safety of school children; (iii) the false concern that the crime rate had increased; and (iv) the concern that the Residents had somehow harmed the elderly.

62.   On September 4, 2012, the City staff recommended denial of the CUP application.

63.   On September 5, 2012, Intervention911 representatives met with the City to understand why the City staff would not recommend approval for the CUP after Intervention911 expended enormous resources to make the application at the City's insistence.

64.   The City staff offered no rational reasons for its recommendation of denial. Instead, the City directed Intervention911 to now submit a separate application for a different approval known as the planned development district ("PDD"), which could have been suggested in the first place.

65.   Intervention911 rejected this suggestion given the City's pattern of conduct described above and the belief that the City would simply recommend denial of the PDD.

66.   Seeing that the City was not going to approve any use of the Alexander or Palm Tee that involved individuals recovering from alcoholism or substance abuse, Intervention911 suggested to the City that it would create a "specialty" hotel at the Palm Tee for the Residents.   As to the

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

Alexander, Intervention911 explained that it would continue to operate the multi-family dwelling consistent with its historic use.

67.     The concept of operating the Palm Tee as a "specialty" hotel was consistent with other specialty hotels in the City Palm Springs, like same-sex hotels, nudist resorts, or sexual preference resorts.

68.     The City rejected Intervention911's proposal because the "types" of individuals living at the Palm Tee and Alexander were different (i.e., recovering alcoholics and substance abusers) than sober individuals or individuals seeking a place to stay based on sexual preference.

69.     Seeing no resolution with the City, Intervention911 withdrew its CUP application on September 26, 2012.

## THE APPEAL

70.     On November 1, 2012, the City contacted Intervention911 to address the withdrawal of the CUP application and Intervention911's contention as to the uses of the Palm Tee and Alexander.

71.     According to the City, the uses of the Palm Tee and Alexander were substance abuse service facilities that still required a CUP.   This direction was, yet again, a change in the City's ever changing position as to what application Intervention911 needed to make—(i) a CUP; (ii) a PDD; and (iii) a CUP, again.

72.     The City further contended that the Palm Tee and Alexander were being used to provide housing to multiple persons unrelated by blood or marriage.

73.     The City's definition of family is not based on blood or marriage but is based on whether the relationship of two (2) or more persons constitutes a single housekeeping unit in a single dwelling unit.  See Section 91.00.10

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

74.   The City ordered that Intervention911 cease operations until it obtained a CUP.

75.   On November 15, 2012, Intervention911 appealed the City's November 1, 2012 decision. (the "November 15 Appeal"). Intervention911 contended that (i) no treatment was occurring at either the Palm Tee or the Alexander; (ii) the City's efforts to shut down the Palm Tee and Alexander were contrary to fair housing policies, including the federal fair housing act; and (iii) it would continue to work with the City to resolve any misunderstandings about the uses occurring at the Palm Tee and Alexander.

76.   Following the November 15 Appeal, citizens and neighbors objected to the November 15 Appeal and demanded that the City affirm its decision that the Palm Tee and Alexander were assisted living facilities, and that Intervention911 was operating illegally.

### THE DECEMBER 12, 2012 HEARING

77.   On December 12, 2012, Intervention911 appeared before the City's Planning Commission (the "Planning Commission") to convince it, as it had tried to do with the City staff for the past year that the Palm Tee and Alexander were not operating as an assisted living facility or drug treatment facility.

78.   In response to Intervention911's explanation, the Planning Commission tabled further discussion on whether to overturn Ewing's recommendation for denial and, instead, directed City staff to work out a resolution with Intervention911.

79.   Nobody from the City's staff contacted Intervention911 based on the direction from the Planning Commission. Instead, the City contacted the City of Palm Springs Fire Department (the "Fire Department") to gain support for the City's November 4 Decision.

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

80.   The Fire Department contended, as requested by the City, that Intervention911 was operating hazardous facilities because of the types of people (i.e., the Residents) living at the Palm Tee and Alexander.   The Fire Department concluded that:

> The Palm Springs Fire Department finds no argument supporting any proposition that the occupants of an alcohol/drug abuse recovery facility represent a potential life safety or fire hazard, that would be considered less than, or even equal to, the general population of a hotel, or apartment building.

81.   With what it believed to be further support for its position that some form of permit was required for the Residents to continue living at the Palm Tee and Alexander, the City re-set the hearing on the November 15 Appeal. The hearing was scheduled to occur on January 23, 2013.

## THE FIRST AND SECOND REASONABLE ACCOMMODATION REQUESTS

82.   Prior to the hearing, and on January 22, 2013, Intervention911 submitted a reasonable accommodation to the City (the "January 22, 2013 Reasonable Accommodation Request") asking that it provide the following accommodation:

> Zoning: Intervention911 requests that the City treat the residences as a multi-family use—which is permitted under the city's land development code.   The activities that are currently ongoing at the facilities do not qualify as a substance abuse service facility under the City's code or under the California health and safety laws.  Either way, it is requested that the City waive any requirement for a conditional use permit.

83.   Intervention911 also requested an accommodation from the City

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

as it relates to the emerging issue that the Palm Tee and Alexander were being operated in violation of the California Fire Code. The following accommodation was requested:

> Intervention911 requests that the City treat the facilities as multi-family dwellings. The City's decision to classify the residences as an "Alcohol or Drug Abuse or Treatment Facility," is not only erroneous, but is not supported by the State's Health and Safety legislation defining a substance abuse treatment facility. This in turn makes the Fire Marshall's reclassification of its use group to an R-4 erroneous.
>
> ***
>
> As a reasonable accommodation, it is requested that less onerous fire safety requirements be imposed that would mitigate any serious threat to life safety, as this can be accomplished by keeping the same level of life safety that is currently in place at both residences.

(**Exhibit "A"**).

84. In response to the City's contention that the Palm Tee and Alexander were not being used by a family, Intervention911 requested that the City "treat the Residents living at the facility as a family consistent with the City's definition of a family, which is defined to mean an individual or two (2) or more persons living together as a single housekeeping unit in a single dwelling unit."

85. The City did not respond to the January 22 Reasonable Accommodation Request.

86. On January 30, 2013, Intervention911 submitted a second reasonable accommodation request (the "January 30 Reasonable Accommodation Request"), which provided:

On January 22, 2013, Intervention911 made a reasonable accommodation request to the City of Palm Springs related to recent events between my client's use of structures located at 1425 Via Soledad and 1590 East Palm Tee Canyon Drive. I am forwarding this request to you so that you can provide input as to the City's position on issues related to the California Building Code.

Please consider this request to be a second reasonable accommodation request made on behalf of Intervention911. Please contact me at you earliest convenience to discuss this important matter.

(**Exhibit "B"**).

87.    The City never responded to the January 30 Reasonable Accommodation Request.

## THE DANGER OF THE RESIDENTS, THE CLOSED POOL,
## AND PLANNING COMMISSION DECISION

88.    On February 4, 2013, the City convened a meeting with Intervention911, planning department staff, building department staff, and City's fire department to explain how the City was going to treat Intervention911 and the Residents on a going forward basis.

89.    At this meeting, the City told Intervention911 that it was not going to change its mind about the decision that a CUP was necessary. At this meeting, the City's Fire Department told Intervention911 (i) that it considered individuals recovering from alcoholism and substance abuse to be dangerous; (ii) that such individuals posed a threat to the City of Palm Springs; and (iii) that these individuals were a potential to harm themselves

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

1    should they continue to live at the Palm Tee and Alexander without

2    modifications to the buildings.

3        90.    On February 13, 2013, the Planning Commission convened to a

4    meeting to hear the November 15 Appeal.   At the meeting, the Fire

5    Department publicly commented about how individuals in recovery from

6    alcoholism and substance abuse are dangerous, and, by making such

7    comments, suggested that the Planning Commission deny the November 15

8    Appeal.

9        91.    By a four to one vote, the Planning Commission denied the

10   November 15 Appeal.

11       92.    Following the hearing before the Planning Commission, the City's

12   staff visited the Palm Tee and closed down the swimming pool that the

13   Residents use for relaxation and recreation.

14       93.    The City's staff placed a "CLOSED POOL" sign around all

15   entrances and the areas so that the Residents could see the signs.

16       94.    Intervention911 inquired about why it was being treated differently

17   than other groups of unrelated, disabled persons residing in group residences

18   for persons recovering from alcoholism or substance abuse as well as other

19   unrelated, nondisabled persons residing in hotels in the neighborhood.

20       95.    The City provided no explanation to Intervention911 about the

21   reason for the different treatment.

22               **THE THIRD REASONABLE ACCOMMODATION**

23               **REQUEST AND THE FINAL DECISION**

24       96.    On April 3, 2013, Intervention911 made a third reasonable

25   accommodation request to the City. (the "April 3 Reasonable Accommodation

26   Request"). (**Exhibit "C"**). The April 3 Reasonable Accommodation Request

27   sought the same relief from the City as the January 23 and 30 Reasonable

28   Accommodation Requests.

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

97.   Like its prior course of conduct related to the reasonable accommodation requests, the City did not respond to the April 3, 2013 Reasonable Accommodation Requests.

98.   On April 3, 2013, the City Council heard the appeal that Intervention911 made to the decision of the Planning Commission.

99.   At the hearing, the City Council affirmed the decision of the Planning Commission and denied Intervention911's appeal.

100.  The City Council made its decision without addressing the reasonable accommodation request made by Intervention911.

101.  At the time of filing this complaint, the City has never responded to any of the reasonable accommodation requests described above.

## -COUNT I-

### (Discrimination Under the FHA)

102.  Intervention911 realleges and incorporates herein by reference paragraphs 1 through 101 above.

103.  The City is violating Intervention911's rights under the FHA and its implementing regulations by:

   a.   denying and otherwise making housing unavailable to Intervention911 and the Residents because of their disability;

   b.   using the City's zoning and building code as a pretext to exclude Intervention911 and the Residents because of their disability;

   c.   enforcing discriminatory zoning rules and policies on Intervention911 and the Residents because of their disability;

   d.   interfering with the right of Intervention911 and the Residents to live in the dwelling of their choice;

   e.   failing to make reasonable accommodations in the City's zoning and building code and its application to afford Intervention911 and the

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

1  Residents an equal opportunity to use and enjoy the Palm Tee and the

2  Alexander;

3            f.    retaliating against Intervention911 and the Residents

4  because of their exercise of their legal rights under the FHA; and

5            g.   making, printing or publishing, or causing to be made,

6  printed or published a statement in connection with the sale or  rental of

7  housing that indicates a limitation, preference or discrimination on the basis

8  of disability.

9  ### -COUNT II-

10  ### (Discrimination Under the ADA)

11     104. Intervention911 realleges and incorporates herein by reference

12  paragraphs 1 through 101, and 103 above.

13     105. Intervention911 is involved in the process of providing housing to

14  people with disabilities as defined in 42 U.S.C. § 12102(2).

15     106. The City is a public entity, within the definition of 42 U.S.C. §

16  12131(1).

17     107. The actions of the City to exclude the residents of the Palm Tee

18  and the Alexander from residential zones violate Intervention911 and the

19  Residents' rights under the ADA and the regulations promulgated thereunder

20  by:

21            a.   denying the Plaintiff and its residents the opportunity to

22  participate in or benefit from the supportive housing the Plaintiff offers;

23            b.   using and administering land use and building code with the

24  purpose and effect of subjecting Plaintiff and it's  to discrimination based on

25  their disability;

26            c.   subjecting Plaintiff and its residents to discrimination on the

27  basis of their disability;

28

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

d.     denying disabled Plaintiffs the opportunity to participate in a program in the most integrated setting appropriate to their needs in a manner discriminatory against Plaintiff and its residents and different from the opportunities presented to non-disabled individuals; and

e.     utilizing licensing and permit requirements to enforce the Code and deny Plaintiffs enjoyment of rights, privileges, advantages, and opportunities enjoyed by non-disabled individuals in a manner that is discriminatory against Plaintiffs.

## -COUNT III-

### (Violation of the California Fair Employment and Housing Act)

108.     Intervention911 realleges and incorporates herein by reference paragraphs 1 through 101, 103, and 105 through 107 above.

109.     The City is violating the Intervention911's rights and its implementing regulations under the  California Fair Employment and Housing Act "(CFEHA"), Government Code §§ 12926, 12927, 12955, et seq. by:

a.     denying and otherwise making housing unavailable to Intervention911 and the Residents because of their disability;

b.     using the City's zoning and building code as a pretext to exclude Intervention911 and the Residents because of their disability;

c.     enforcing discriminatory zoning rules and policies on Intervention911 and the Residents because of their disability;

d.     interfering with the right of Intervention911 and the Residents to live in the dwelling of their choice;

e.     failing to make reasonable accommodations in the City's zoning and building code and its application to afford Intervention911 and the Residents an equal opportunity to use and enjoy the Palm Tee and the Alexander; and

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

f.    retaliating against Intervention911 and the Residents because of their exercise of their legal rights under the CFEHA.

## PRAYER FOR RELIEF AS TO EACH COUNT

**WHEREFORE**, Intervention911 requests that the Court:

1.    Enter a declaratory judgment that the City has illegally discriminated against Intervention911 in violation of the FHA, CFEHA and ADA by arbitrarily and capriciously applying its zoning and building codes to the Intervention911's dwelling by groups of disabled recovering alcoholics and addicts, thereby causing a disparate impact upon Intervention911's use and enjoyment of a dwelling;

2.    Provide injunctive relief restraining the City from discriminating against Intervention911 and the Residents and interfering with Intervention911's current operation of the Palm Tee and the Alexander as a home for disabled recovering alcoholics and substance abusers, and/or from interfering in Intervention911's rights to reside in the Palm Tee and Alexander.

3.    Enter a declaratory judgment stating that Intervention911's use of the Palm Tee and the Alexander as a "Sober Living Home" are consistent with their prior uses, and requiring the City to apply all zoning, safety, building, and land use codes to Intervention911's use of the Palm Tee and Alexander in the same manner as it has done prior to Intervention911's acquisition and occupation of said buildings;

4.    Award compensatory damages;

///

///

///

///

///

5.   Grant an award of reasonable costs and attorneys' fees; and,

6.   Order other such other relief as the Court deems just and proper.

DATE:  June 21, 2013          **SLOVAK BARON EMPEY MURPHY & PINKNEY LLP**


By:   _____
        David L. Baron
        Attorneys for Intervention911, a California
        corporation


## DEMAND FOR JURY TRIAL

Plaintiff Intervention911 hereby demands a jury trial.

DATE:  June 21, 2013          **SLOVAK BARON EMPEY MURPHY & PINKNEY LLP**


By:   _____
        David L. Baron
        Attorneys for Intervention911, a California
        corporation

Slovak Baron Empey Murphy & Pinkney LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262

22

EXHIBIT A

BRICKLEMYER
SMOLKER ⚖ BOLVES
ATTORNEYS AT LAW

ethanl@bsbfirm.com
January 22, 2013

**VIA FACSIMILE AND ELECTRONIC MAIL**

Mr. Craig A. Ewing, AICP
Director of Planning Services
City of Palm Springs
P.O. Box 2743
Palm Springs, California 92263-2743

Re:     Reasonable Accommodation Request for Intervention 911

Dear Mr. Ewing:

This Firm represents Intervention 911/Ken Seeley Communities (collectively "Intervention 911"). I am writing in response to the November 1, 2012 decision by the Planning Director (Exhibit "A") as to the above-referenced facilities, and the upcoming hearing before the City of Palm Springs (the "City") Planning Commission (the "Commission"). Please consider this letter to be a ***Request for Reasonable Accommodation*** under the Federal Fair Housing Act and Americans with Disabilities Act. Intervention 911 is requesting, pursuant to the Federal Fair Housing Act, 42 U.S.C. 3604(f)(3)(B) (the "FHA") and the Americans with Disabilities Act, 42 U.S.C. 12132 (the "ADA"), as a reasonable accommodation that the City treat the use of the subject properties as a multi-family use. In addition, it is requested that the City treat the residents living at the facility as a family consistent with the City's definition of a family, which is defined to mean "an individual or two (2) or more persons living together as a single housekeeping unit in a single dwelling unit."

**BACKGROUND**

Intervention 911 provides housing for recovering alcoholics and substance abusers located at properties more commonly known as the Palm Tree Inn Hotel and the Alexander Apartments. The residents are a protected class for purposes of the FHA and ADA. At the housing that is provided, there are no counseling services, treatment, or supervision on site. To the extent that residents are concurrently receiving treatment for the disease of addiction in the form of licensed counseling or therapy, they do so off site at a licensed outpatient facility within the City's limits. Residents are living at the facility voluntarily, and they are not residing at this facility pursuant to a court order or as an alternative to jail sentencing.

The residents purchase their own food, cook, eat, and spend time together just like a family unit. These activities play a pivotal role in helping to reduce the possibility of relapse,

Letter to Craig Ewing, Director of Planning
January 22, 2013
Page 2

and materially help reduce recidivism. There are no services or treatments conducted on the premises that require licensing by the State of California. Other than a list of "house rules," there are no third parties making decisions as to how the facility is run and operated. The rules of facility are simple: residents must live at the facility (i) peacefully; (ii) drug and alcohol free; and (iii) without causing disruption or aggressive behavior. In all respects, the residents reside together as a family unit even though this family is not related by blood or marriage. Indeed, there are no limitations as to how long a resident may stay at the residences so long as they do not consume alcohol or use illegal drugs. Indeed, a resident could stay at the facility indefinitely should he or she so choose.

Clearly, these residences are not assisted living facilities,[1] group homes, boarding homes, or halfway houses. Instead, the use of the residences is akin to a family living in a multi-family dwelling. Indeed, the only difference between a multi-family dwelling and the residences is the need of the resident to reside in the housing provided by Intervention 911—i.e., the therapeutic benefit the resident receives living in the housing while receiving intensive outpatient treatment. It is Intervention 911's hope and request that the City treat the facilities like a multi-family dwelling, just like any other structure within the City's limits.

Despite these facts, which have been explained to the City staff on multiple occasions, the City's Planning Director has determined that the use of the residences was that of an assisted living facility. My client has appealed that decision to the Commission, which will be heard on January 23, 2013. It is my understanding that staff has recommended that the Commission uphold the Planning Director's decision. Additionally, it is my understanding that the City has classified the Properties as an "Alcohol or Drug Abuse Recovery or Treatment Facility," which would require changes to the facility under the California Building Code.

Not only is this classification erroneous, but constitutes illegal stereotyping on the basis of disability. If the City insists that its interpretation should stand, then my client, as a provider of housing to individuals recovering from the disease of addiction, would request that the City provide them with a reasonable accommodation.

## REASONABLE ACCOMMODATION REQUEST

1.     **Zoning.** Intervention 911 requests that the City treat the residences as a multi-family use—which is a permitted use under the City's land development code. The activities that are currently ongoing at the facilities do not qualify as a substance abuse service facility

---

[1] "Assisted living services" includes, but is not limited to, assistance with personal activities of daily living, including dressing, feeding, toileting, bathing, grooming, mobility, and associated tasks, to help provide for and maintain physical and psychosocial comfort. Cal Health & Saf Code § 1771. The City of Palm Springs Zoning Code defines "Assisted Living Facilities" as "a means a special combination of housing, supportive services, personalized assistance and health care licensed and designed to respond to the individual needs of those who need help with activities of daily living and instrumental activities of daily living. Supportive services are available twenty-four (24) hours a day to meet scheduled and unscheduled needs in a way that promotes maximum dignity and independence for each resident and involves the resident's family, neighbors and friends, and professional caretakers."

Letter to Craig Ewing, Director of Planning
January 22, 2013
Page 3

under the City's code or under the California health and safety laws. Either way, it is requested that the City waive any requirement for a conditional use permit.

    **2.**    **Life Safety Code.**  Intervention 911 requests that the City treat the facilities as multi-family dwellings. The City's decision to classify the residences as an "Alcohol or Drug Abuse Recovery or Treatment Facility," is not only erroneous, but is not supported by the State's Health and Safety legislation defining a substance abuse treatment facility. This in turn makes the City's Fire Marshal reclassification of its use group to an R-4 erroneous.

    The R-4 classification requires substantial installations and modification to the residences, including building-wide sprinkler systems. The R-4 classification is based solely on the nature of the disability of resident and, as such, this classification is facially discriminatory under the FHA and ADA (i.e., individuals who are recovering from the disease of addiction). A family living in one of the facilities would *not* "trigger" such modifications. Two individuals who are simply seeking a vacation rental would similarly *not* "trigger" such modifications. The status of the residents as individuals recovering from the disease of addiction should *not* "trigger" such modifications.

    In addition, requiring Intervention 911 to comply with requirements of the State Building Code to an already existing structure would interfere with the normal use of the residences and would cause unreasonable hardships and unnecessary inconvenience, and would not result in an increase in fire safety. As a reasonable accommodation, it is requested that less onerous fire safety requirement be imposed that would mitigate any serious threat to life safety, as this can be accomplished by keeping the same level of life safety that is currently in place at both residences.

    Individuals recovering from addiction should not be subjected to more onerous standards. There is nothing to suggest that individuals in recovery from alcoholism and substance abuse pose any greater hazard than a family living in a multi-family dwelling, nor are they incapable of responding to a fire emergency like a family member. The individuals who live at the residences have absolutely no unique need for a sprinkler system or other requirements that are not required for housing for people without disabilities. The residents who will live in the homes are capable of evacuating their homes without assistance in the event of a fire emergency. The nature of their disabilities has no impact on their capacity to exit or telephone in the event of actual fires or other emergencies.

## CONCLUSION

    Intervention 911 requests that the City interpret and impose requirements under the land development code and the California Building Code to the residences just like it would to a multi-family dwelling. It is requested further that the City not proceed forward with the hearing scheduled for this Wednesday; instead, it is requested that the City provide Intervention 911 with a letter indicating that it has provided the accommodations requested herein. I would request that you call me at your earliest convenience to discuss this matter.

Letter to Craig Ewing, Director of Planning
January 22, 2013
Page 4

       Thank you in advance for your consideration.  I remain,

                For the firm,

                **BRICKLEMYER SMOLKER & BOLVES, P.A.**

By:    _____

              Ethan J. Loeb

EJL/haw



# City of Palm Springs

### Department of Planning Services
3200 East Tahquitz Canyon Way • Palm Springs, CA 92262
Tel: 760-323-8245 • Fax: 760-322-8360

November 1, 2012.

Mr. Ken Seeley and Eric McLaughlin
Intervention 911
501 N Cantera Circle
Palm Springs, CA 92262

Subject:     Case 5; 1282 CUP 1590 East Palm Canyon Drive "The Palm Tee Inn Hotel"
                Case 5; 1283 CUP 1425 Via Soledad "The Alexander Apartments"

Dear Mr. Seeley and Mr. McLaughlin,

On September 26, 2012, the City received a letter and e-mail from your attorneys (Flannery to Lyon dated September 26, 2012), and (Baron to Lyon dated September 26, 2012), to claim that your operations at the subject properties are that of a "hotel" and allowed in the subject zones "by right". Further, these communications notified the City that applications for conditional use permits to operate assisted living facilities / substance abuse recovery centers at both addresses were being withdrawn.

I have reviewed the operation described in your CUP application, the marketing brochures for Intervention 911, your website and the assertion by your attorneys about your "hotel" operation. As detailed below, I have determined that the uses occurring at both locations do not qualify as hotels. In fact, the uses you are pursuing do fit the definition of a substance abuse recovery centers or sober living facilities and that a Conditional Use Permit for each site must be approved prior to initiating the use.

While it is clear to me that the properties are not being operated as hotels, as defined, there may be ambiguity in your minds about the application of the code to your use of these properties. When such ambiguities exist, the Palm Springs Zoning Code Secton 91.00.08.B grants authority to the Planning Director to determine the applicability of the code[1] This letter is that determination.

---

[1] Palm Springs Zoning Code Section 91.00.08(B), "*Conflicting or Ambiguous Provisions*" In any case where there may be conflicting or ambiguous provisions within this Zoning Code, the director of planning and building, or his authorized representative, shall determine the applicability of such provisions. Such determination may be appealed to the planning commission."



**EXHIBIT**

A

First, the City evaluates all business license applications and other zoning clearances to determine whether a particular use is allowed in the underlying zone, and what permits may be necessary to establish such use. It has been the City's long-standing determination that substance abuse recovery centers are classified as "assisted living facilities" and therefore subject to a Conditional Use Permit in the underlying R-2 and R-3 zones that apply to your properties.

The Zoning Code provides the following definition for "assisted living facility":

> "Assisted living facility" means a special combination of housing, supportive services, personalized assistance and health care licensed and designed to respond to the individual needs of those who need help with activities of daily living and instrumental activities of daily living. Supportive services are available twenty-four (24) hours a day to meet scheduled and unscheduled needs in a way that promotes maximum dignity and independence for each resident and involves the resident's family, neighbors and friends, and professional caretakers.

In contrast to this definition, the zoning code defines "hotel" and "resort hotel", as follows:

> "Hotel" means any building or portion thereof containing six (6) or more guest rooms used by six (6) or more guests, for compensation (excepting jails and hospitals), where provision for cooking may be made in a limited number of individual suites, and which rooms are designed and intended as temporary or overnight accommodations. Also see "Hotel, Resort."

> Hotel, Resort. "Resort hotel" means a full-service hotel containing one hundred (100) or more guest rooms. Such hotel may have accessory commercial and recreational uses operated primarily for the convenience of the guests thereof, in accordance with the provision of Section 92.05.01(A)(2) of this Zoning Code.

Finally, "dwelling unit", which is also part of how the City characterizes hotel rooms for purposes of determining off-street parking requirements is defined in the Zoning Code:

> "Dwelling unit" means one (1) or more rooms and a single kitchen in a single-family dwelling, apartment house or hotel designed as a unit for occupancy by one (1) family for living and sleeping purposes. Also see "Rental unit."

Based on the information we have accumulated, your facilities are operated as a collection of semi-private rooms with multiple contracts per room (beds individually rented within a room) held by unrelated persons with accommodations, programming, counseling, and services for treating addiction recovery. Your facilities are clearly operated in a manner that is inconsistent with the City's definition of a hotel. Although it

is common for unrelated persons to rent a single hotel room under a single contract for a concurrent time and duration, having separate contracts with unrelated persons for the same room with differing occupancy terms and durations is not.

In addition, the Palm Springs Zoning Code off-site parking requirement for hotels is one parking space per hotel room. With multiple contracts and semi-private rooms with multiple occupants per room, there is the potential for nearly double the off-street parking demand which would not be met by the hotel standard.

As noted above, the City has long regulated sober living / recovery centers as "assisted living facilities", and required approval of a Conditional Use Permit (or Planned Development Permit, as necessary) from the Planning Commission.

Presently, you are operating non-permitted sober living facilities / substance abuse recovery centers in violation of the Palm Springs Zoning Code. You must either cease operation immediately or re-file your applications for a Conditional Use Permit or Planned Development District. You must also obtain a City of Palm Springs Business License correctly listing the business type for each property as a substance abuse recovery center / sober living facility[2].    Failure to do so may result in initiation of legal action against you to cease the currently unapproved use.

You may appeal this determination to the Planning Commission pursuant to Section 2.05.040 of the Municipal Code. Such notice must be filed in writing and include the required fee, within ten (10) days following the mailing of this letter and no later than November 15, 2012.

Sincerely,

Craig A. Ewing, AICP
Director of Planning Services
City Of Palm Springs

Cc:   Maureen P. Flannery, Attorney, Slovak, Baron & Empey

Attachments:
- Copy of Intervention 911 brochure, website and conditional use permit application.
- Flannery to Lyon letter dated September 26, 2012
- Baron to Lyon e mail dated September 26, 2012

---

[2] Currently there is no business license on file for the Palm Canyon address, and the Via Soledad address is listed on your business license as "offices for rehab intervention".

EXHIBIT B



# BRICKLEMYER
# SMOLKER
ATTORNEYS AT LAW

ethanl@bsbfirm.com
January 30, 2013

## VIA FACSIMILE AND ELECTRONIC MAIL

Mr. Craig A. Ewing, AICP
Director of Planning Services
City of Palm Springs
P.O. Box 2743
Palm Springs, California 92263-2743

Mr. John Allen, Chief
Palm Springs Fire Department
300 N. El Cielo Road
Palm Springs, CA 92262

Re:     Reasonable Accommodation Request for Intervention 911

Dear Mr. Ewing:

This Firm represents Intervention 911/Ken Seeley Communities (collectively "Intervention 911"). On January 22, 2013, Intervention 911 made a reasonable accommodation request to the City of Palm Springs related to recent events between my client's use of structures located at 1425 Via Soledad and 1590 East Palm Canyon Drive. I am forwarding this request to you so that you can provide input as to the City's position on issues related to the California Building Code.

Please consider this request to be a second reasonable accommodation request made on behalf of Intervention 911. Please contact me at your earliest convenience to discuss this important matter.

Thank you in advance for your consideration. I remain,

Respectfully,

**BRICKLEMYER SMOLKER, P.A.**

By:  _____
Ethan J. Loeb

EJL/haw

EXHIBIT C

SMOLKER BARTLETT SCHLOSSER
LOEB & HINDS

ethanl@smolkerbartlett.com
April 3, 2013

City Council, City of Palm Springs
3200 East Tahquitz Canyon Way
Palm Springs, California 92262

Re:    Reasonable Accommodation Request for Intervention 911

Dear Sir/Madam:

This Firm represents Intervention 911/Ken Seeley Communities ("Intervention 911"). Please consider this letter to be a request for a reasonable accommodation under the Federal Fair Housing Act (the "FHA") and Americans with Disabilities Act (the "ADA"). Since January 22, 2013, my office has made multiple reasonable accommodation requests on behalf of Intervention 911 to the City, all of which have gone unanswered.

Once again, Intervention 911 is requesting as a reasonable accommodation that the City recognize that there has been no change in use in The Palm Tree Inn Hotel and the Alexander Apartments under the City's zoning code, thereby triggering a reclassification of these properties for zoning purposes. Indeed, the City has erroneously concluded that because Intervention 911 is providing housing for recovering alcoholics and substance abusers that a change in use has occurred. As we have previously explained, this is not true.

To the extent the City will refuse to grant such accommodation—i.e., agree that there has been no change in use—Intervention 911 requests that the City treat the use of the properties described above as multi family residential uses and the that the residents' use of the individual units as residential uses. It is further requested that the City not impose the requirement of obtaining a conditional use permit to provide sober living to individuals recovering from the disease of since there is not a change in use.

For your convenience, I have attached copies of the prior requests. As you can see from these attachments, the prior requests were made to the City's Planning Director and the City's Planning Commission.   To date, neither the City's Planning Director nor the City's Planning Commission has responded to the prior requests submitted by Intervention 911. It is my hope that you will review the requests attached hereto and fulfill your duty to grant the requested accommodations.

So that you know, the failure to respond to a reasonable accommodation request is treated by federal courts as a denial of a reasonable accommodation. It is my hope that the City Council

500 East Kennedy Boulevard, Suite 200 Tampa, FL 33602  P 813-223-3888  F 813-228-6422

Letter Palm Springs City Council
April 3, 2013
Page 2

So that you know, the failure to respond to a reasonable accommodation request is treated by federal courts as a denial of a reasonable accommodation. It is my hope that the City Council will not continue the pattern of conduct of ignoring the rights of my client and individuals recovering from the disease of addiction.  Should the attached requests go unanswered or be denied at the hearing tomorrow, Intervention 911 plans to seek relief in the United States District Court for violating the FHA and ADA.

Thank you in advance for your consideration. I remain,

For the firm,

**SMOLKER, BARTLETT, SCHLOSSER, LOEB & HINDS, P.A.**

Sent without signature
to avoid delay.

By: _____

Ethan J. Loeb

EJL/haw
cc:    Steve Polin, Esquire

**BRICKLEMYER**
**SMOLKER ⚘ BOLVES**
ATTORNEYS AT LAW

ethanl@bsbfirm.com
January 22, 2013

**VIA FACSIMILE AND ELECTRONIC MAIL**

Mr. Craig A. Ewing, AICP
Director of Planning Services
City of Palm Springs
P.O. Box 2743
Palm Springs, California 92263-2743

Re:   Reasonable Accommodation Request for Intervention 911

Dear Mr. Ewing:

This Firm represents Intervention 911/Ken Seeley Communities (collectively "Intervention 911"). I am writing in response to the November 1, 2012 decision by the Planning Director (Exhibit "A") as to the above-referenced facilities, and the upcoming hearing before the City of Palm Springs (the "City") Planning Commission (the "Commission"). Please consider this letter to be a ***Request for Reasonable Accommodation*** under the Federal Fair Housing Act and Americans with Disabilities Act. Intervention 911 is requesting, pursuant to the Federal Fair Housing Act, 42 U.S.C. 3604(f)(3)(B) (the "FHA") and the Americans with Disabilities Act, 42 U.S.C. 12132 (the "ADA"), as a reasonable accommodation that the City treat the use of the subject properties as a multi-family use. In addition, it is requested that the City treat the residents living at the facility as a family consistent with the City's definition of a family, which is defined to mean "an individual or two (2) or more persons living together as a single housekeeping unit in a single dwelling unit."

**BACKGROUND**

Intervention 911 provides housing for recovering alcoholics and substance abusers located at properties more commonly known as the Palm Tree Inn Hotel and the Alexander Apartments. The residents are a protected class for purposes of the FHA and ADA. At the housing that is provided, there are no counseling services, treatment, or supervision on site. To the extent that residents are concurrently receiving treatment for the disease of addiction in the form of licensed counseling or therapy, they do so off site at a licensed outpatient facility within the City's limits. Residents are living at the facility voluntarily, and they are not residing at this facility pursuant to a court order or as an alternative to jail sentencing.

The residents purchase their own food, cook, eat, and spend time together just like a family unit. These activities play a pivotal role in helping to reduce the possibility of relapse,

Letter to Craig Ewing, Director of Planning
January 22, 2013
Page 2

and materially help reduce recidivism.  There are no services or treatments conducted on the premises that require licensing by the State of California.  Other than a list of "house rules," there are no third parties making decisions as to how the facility is run and operated.  The rules of facility are simple: residents must live at the facility (i) peacefully; (ii) drug and alcohol free; and (iii) without causing disruption or aggressive behavior. In all respects, the residents reside together as a family unit even though this family is not related by blood or marriage.  Indeed, there are no limitations as to how long a resident may stay at the residences so long as they do not consume alcohol or use illegal drugs.  Indeed, a resident could stay at the facility indefinitely should he or she so choose.

Clearly, these residences are not assisted living facilities,[1] group homes, boarding homes, or halfway houses.  Instead, the use of the residences is akin to a family living in a multi-family dwelling.  Indeed, the only difference between a multi-family dwelling and the residences is the need of the resident to reside in the housing provided by Intervention 911—i.e., the therapeutic benefit the resident receives living in the housing while receiving intensive outpatient treatment. It is Intervention 911's hope and request that the City treat the facilities like a multi-family dwelling, just like any other structure within the City's limits.

Despite these facts, which have been explained to the City staff on multiple occasions, the City's Planning Director has determined that the use of the residences was that of an assisted living facility.  My client has appealed that decision to the Commission, which will be heard on January 23, 2013. It is my understanding that staff has recommended that the Commission uphold the Planning Director's decision.  Additionally, it is my understanding that the City has classified the Properties as an "Alcohol or Drug Abuse Recovery or Treatment Facility," which would require changes to the facility under the California Building Code.

Not only is this classification erroneous, but constitutes illegal stereotyping on the basis of disability.  If the City insists that its interpretation should stand, then my client, as a provider of housing to individuals recovering from the disease of addiction, would request that the City provide them with a reasonable accommodation.

## REASONABLE ACCOMMODATION REQUEST

1.    **Zoning.**  Intervention 911 requests that the City treat the residences as a multi-family use—which is a permitted use under the City's land development code.  The activities that are currently ongoing at the facilities do not qualify as a substance abuse service facility

---

[1] "Assisted living services" includes, but is not limited to, assistance with personal activities of daily living, including dressing, feeding, toileting, bathing, grooming, mobility, and associated tasks, to help provide for and maintain physical and psychosocial comfort. Cal Health & Saf Code § 1771.  The City of Palm Springs Zoning Code defines "Assisted Living Facilities" as "a means a special combination of housing, supportive services, personalized assistance and health care licensed and designed to respond to the individual needs of those who need help with activities of daily living and instrumental activities of daily living. Supportive services are available twenty-four (24) hours a day to meet scheduled and unscheduled needs in a way that promotes maximum dignity and independence for each resident and involves the resident's family, neighbors and friends, and professional caretakers."

Letter to Craig Ewing, Director of Planning
January 22, 2013
Page 3

under the City's code or under the California health and safety laws. Either way, it is requested that the City waive any requirement for a conditional use permit.

2. **Life Safety Code.** Intervention 911 requests that the City treat the facilities as multi-family dwellings. The City's decision to classify the residences as an "Alcohol or Drug Abuse Recovery or Treatment Facility," is not only erroneous, but is not supported by the State's Health and Safety legislation defining a substance abuse treatment facility. This in turn makes the City's Fire Marshal reclassification of its use group to an R-4 erroneous.

The R-4 classification requires substantial installations and modification to the residences, including building-wide sprinkler systems. The R-4 classification is based solely on the nature of the disability of resident and, as such, this classification is facially discriminatory under the FHA and ADA (i.e., individuals who are recovering from the disease of addiction). A family living in one of the facilities would *not* "trigger" such modifications. Two individuals who are simply seeking a vacation rental would similarly *not* "trigger" such modifications. The status of the residents as individuals recovering from the disease of addiction should *not* "trigger" such modifications.

In addition, requiring Intervention 911 to comply with requirements of the State Building Code to an already existing structure would interfere with the normal use of the residences and would cause unreasonable hardships and unnecessary inconvenience, and would not result in an increase in fire safety. As a reasonable accommodation, it is requested that less onerous fire safety requirement be imposed that would mitigate any serious threat to life safety, as this can be accomplished by keeping the same level of life safety that is currently in place at both residences.

Individuals recovering from addiction should not be subjected to more onerous standards. There is nothing to suggest that individuals in recovery from alcoholism and substance abuse pose any greater hazard than a family living in a multi-family dwelling, nor are they incapable of responding to a fire emergency like a family member. The individuals who live at the residences have absolutely no unique need for a sprinkler system or other requirements that are not required for housing for people without disabilities. The residents who will live in the homes are capable of evacuating their homes without assistance in the event of a fire emergency. The nature of their disabilities has no impact on their capacity to exit or telephone in the event of actual fires or other emergencies.

## CONCLUSION

Intervention 911 requests that the City interpret and impose requirements under the land development code and the California Building Code to the residences just like it would to a multi-family dwelling. It is requested further that the City not proceed forward with the hearing scheduled for this Wednesday; instead, it is requested that the City provide Intervention 911 with a letter indicating that it has provided the accommodations requested herein. I would request that you call me at your earliest convenience to discuss this matter.

Letter to Craig Ewing, Director of Planning
January 22, 2013
Page 4

Thank you in advance for your consideration.  I remain,

For the firm,

**BRICKLEMYER SMOLKER & BOLVES, P.A.**

By: _____
　　　　Ethan J. Loeb

EJL/haw



# City of Palm Springs

### Department of Planning Services

3200 East Tahquitz Canyon Way • Palm Springs, CA 92262
Tel: 760-323-8245 • Fax: 760-322-8360

November 1, 2012.

Mr. Ken Seeley and Eric McLaughlin
Intervention 911
501 N Cantera Circle
Palm Springs, CA 92262

Subject:   Case 5.1282 CUP 1590 East Palm Canyon Drive "The Palm Tee Inn Hotel"
Case 5.1283 CUP 1425 Via Soledad "The Alexander Apartments"

Dear Mr. Seeley and Mr. McLaughlin,

On September 26, 2012, the City received a letter and e-mail from your attorneys (Flannery to Lyon dated September 26, 2012), and (Baron to Lyon dated September 26, 2012), to claim that your operations at the subject properties are that of a "hotel" and allowed in the subject zones 'by right'. Further, these communications notified the City that applications for conditional use permits to operate assisted living facilities / substance abuse recovery centers at both addresses were being withdrawn.

I have reviewed the operation described in your CUP application, the marketing brochures for Intervention 911, your website and the assertion by your attorneys about your "hotel" operation. As detailed below, I have determined that the uses occurring at both locations do not qualify as hotels. In fact, the uses you are pursuing do fit the definition of a substance abuse recovery centers or sober living facilities and that a Conditional Use Permit for each site must be approved prior to initiating the use.

While it is clear to me that the properties are not being operated as hotels, as defined, there may be ambiguity in your minds about the application of the code to your use of these properties. When such ambiguities exist, the Palm Springs Zoning Code Secton 91.00.08.B grants authority to the Planning Director to determine the applicability of the code[1] This letter is that determination.

---

[1] Palm Springs Zoning Code Section 91.00.08(B), "*Conflicting or Ambiguous Provisions*" In any case where there may be conflicting or ambiguous provisions within this Zoning Code, the director of planning and building, or his authorized representative, shall determine the applicability of such provisions. Such determination may be appealed to the planning commission."



EXHIBIT

A

First, the City evaluates all business license applications and other zoning clearances to determine whether a particular use is allowed in the underlying zone, and what permits may be necessary to establish such use.  It has been the City's long-standing determination that substance abuse recovery centers are classified as "assisted living facilities" and therefore subject to a Conditional Use Permit in the underlying R-2 and R-3 zones that apply to your properties.

The Zoning Code provides the following definition for "assisted living facility":

> "Assisted living facility" means a special combination of housing, supportive services, personalized assistance and health care licensed and designed to respond to the individual needs of those who need help with activities of daily living and instrumental activities of daily living. Supportive services are available twenty-four (24) hours a day to meet scheduled and unscheduled needs in a way that promotes maximum dignity and independence for each resident and involves the resident's family, neighbors and friends, and professional caretakers.

In contrast to this definition, the zoning code defines "hotel" and "resort hotel", as follows:

> "Hotel" means any building or portion thereof containing six (6) or more guest rooms used by six (6) or more guests, for compensation (excepting jails and hospitals), where provision for cooking may be made in a limited number of individual suites, and which rooms are designed and intended as temporary or overnight accommodations. Also see "Hotel, Resort."

> Hotel, Resort. "Resort hotel" means a full-service hotel containing one hundred (100) or more guest rooms. Such hotel may have accessory commercial and recreational uses operated primarily for the convenience of the guests thereof, in accordance with the provision of Section 92.05.01(A)(2) of this Zoning Code.

Finally, "dwelling unit", which is also part of how the City characterizes hotel rooms for purposes of determining off-street parking requirements is defined in the Zoning Code:

> "Dwelling unit" means one (1) or more rooms and a single kitchen in a single-family dwelling, apartment house or hotel designed as a unit for occupancy by one (1) family for living and sleeping purposes. Also see "Rental unit."

Based on the information we have accumulated, your facilities are operated as a collection of semi-private rooms with multiple contracts per room (beds individually rented within a room) held by unrelated persons with accommodations, programming, counseling, and services for treating addiction recovery.  Your facilities are clearly operated in a manner that is inconsistent with the City's definition of a hotel. Although it

is common for unrelated persons to rent a single hotel room under a single contract for a concurrent time and duration, having separate contracts with unrelated persons for the same room with differing occupancy terms and durations is not.

In addition, the Palm Springs Zoning Code off-site parking requirement for hotels is one parking space per hotel room. With multiple contracts and semi-private rooms with multiple occupants per room, there is the potential for nearly double the off-street parking demand which would not be met by the hotel standard.

As noted above, the City has long regulated sober living / recovery centers as "assisted living facilities", and required approval of a Conditional Use Permit (or Planned Development Permit, as necessary) from the Planning Commission.

Presently, you are operating non-permitted sober living facilities / substance abuse recovery centers in violation of the Palm Springs Zoning Code. You must either cease operation immediately or re-file your applications for a Conditional Use Permit or Planned Development District. You must also obtain a City of Palm Springs Business License correctly listing the business type for each property as a substance abuse recovery center / sober living facility[2]. Failure to do so may result in initiation of legal action against you to cease the currently unapproved use.

You may appeal this determination to the Planning Commission pursuant to Section 2.05.040 of the Municipal Code. Such notice must be filed in writing and include the required fee, within ten (10) days following the mailing of this letter and no later than November 15, 2012.

Sincerely,

Craig A. Ewing, AICP
Director of Planning Services
City Of Palm Springs

Cc:   Maureen P. Flannery, Attorney, Slovak, Baron & Empey

Attachments:
- Copy of Intervention 911 brochure, website and conditional use permit application.
- Flannery to Lyon letter dated September 26, 2012
- Baron to Lyon e mail dated September 26, 2012

---

[2] Currently there is no business license on file for the Palm Canyon address, and the Via Soledad address is listed on your business license as "offices for rehab intervention".

Post Office Box 2743 • Palm Springs, CA 92263-2743 • Web: www.palmsprings-ca.gov



**BRICKLEMYER**
**SMOLKER**
ATTORNEYS AT LAW

ethanl@bsbfirm.com
January 30, 2013

**VIA FACSIMILE AND ELECTRONIC MAIL**

Mr. Craig A. Ewing, AICP                    Mr. John Allen, Chief
Director of Planning Services               Palm Springs Fire Department
City of Palm Springs                        300 N. El Cielo Road
P.O. Box 2743                               Palm Springs, CA 92262
Palm Springs, California 92263-2743

Re:    Reasonable Accommodation Request for Intervention 911

Dear Mr. Ewing:

This Firm represents Intervention 911/Ken Seeley Communities (collectively "Intervention 911"). On January 22, 2013, Intervention 911 made a reasonable accommodation request to the City of Palm Springs related to recent events between my client's use of structures located at 1425 Via Soledad and 1590 East Palm Canyon Drive. I am forwarding this request to you so that you can provide input as to the City's position on issues related to the California Building Code.

Please consider this request to be a second reasonable accommodation request made on behalf of Intervention 911. Please contact me at your earliest convenience to discuss this important matter.

Thank you in advance for your consideration. I remain,

Respectfully,

**BRICKLEMYER SMOLKER, P.A.**

By:    _____
       Ethan J. Loeb

EJL/haw

500 East Kennedy Boulevard, Suite 200, Tampa, FL 33602   P 813-223-3888   F 813-228-6422   bsbfirm.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV13- 1117 MMM (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**ORIGINAL**

Name & Address:
David L. Baron, Esq. (SBN 105212)
Brent S. Clemmer, Esq. (SBN 179722)
Slovak Baron Empey Murphy & Pinkney
1800 E. Tahquitz Canyon Way
Palm Springs, CA 92262

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

INTERVENTION911, a California corporation

PLAINTIFF(S)

v.

CITY OF PALM SPRINGS, a California charter city,

DEFENDANT(S).

CASE NUMBER

ED CV 13 - 01117 mmm (OPx)

**SUMMONS**

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _____ , whose address is _____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

**TERRY NAFISI**

Clerk, U.S. District Court

Dated: __6-21-13__

By: _M. Mead_____
     Deputy Clerk   MARGO MEAD

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                        SUMMONS                                CCD-1A

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
INTERVENTION911, a California corporation

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
CITY OF PALM SPRINGS, a California charter city

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David L. Baron, Esq. (SBN 105212)
Brent S. Clemmer, Esq. (SBN 179722)
Slovak Baron Empey Murphy & Pinkney, LLP
1800 E. Tahquitz Canyon Way, Palm Springs, CA 92262
Tel: 760-322-2275    Fax: 760-322-2107

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. §§ 3601, et seq and 12131, et seq. - Housing Discrimination of Individuals with Disability.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | Habeas Corpus: | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | TORTS | TORTS PERSONAL PROPERTY | ☐ 530 General | SOCIAL SECURITY |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | PERSONAL INJURY | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 371 Truth in Lending | Other: | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | FEDERAL TAX SUITS |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | CIVIL RIGHTS | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | | ☐ 355 Motor Vehicle Product Liability | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 441 Voting | LABOR | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | REAL PROPERTY | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/ Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☒ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY: Case Number:**   ED  CV-13 - 01117 mmm  (OPx)

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                    CIVIL COVER SHEET                    Page 1 of 2
                                                                     CCD-CV71

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   [X] NO   [ ] YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   [X] NO   [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE**: (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| County of Riverside | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[X] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District: * | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: _6-21-2013_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |