1  WOODRUFF, SPRADLIN & SMART, APC
   CAROLINE A. BYRNE – State Bar No. 196541
2  cbyrne@wss-law.com
   555 Anton Boulevard, Suite 1200
3  Costa Mesa, California 92626-7670
   Telephone:  (714) 558-7000
4  Facsimile:   (714) 835-7787

5  Attorneys for Defendant CITY OF PALM SPRINGS, a public entity

6

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 INTERVENTION911, a California        CASE NO.:  EDCV13-01117 MMM (OPx)
   corporation,
12                                      ASSIGNED FOR ALL PURPOSES TO
              Plaintiff(s),             HON. MARGARET M. MORROW
13                                      COURTROOM 780
   v.
14                                      **FIRST AMENDED ANSWER OF**
   CITY OF PALM SPRINGS, a              **DEFENDANT CITY OF PALM**
15 California Charter city,             **SPRINGS' TO PLAINTIFF'S**
                                        **COMPLAINT; DEMAND FOR JURY**
16            Defendant(s).             **TRIAL**

17

18        Defendant CITY OF PALM SPRINGS, a public entity ("Defendant"), on behalf

19 of itself and no other person or entity, answers the complaint on file in this action as

20 follows:

21        1.    Defendant lacks sufficient information or belief to enable it to respond to

22 the allegations set forth in paragraph 1 of the complaint, and based thereon denies,

23 generally and specifically, each and every such allegation.

24        2.    Defendant admits the allegations set forth in paragraph 2 of the

25 complaint.

26        3.    Defendant admits that this Court has jurisdiction over the federal claims

27 raised in the complaint and supplemental jurisdiction over the state law claims raised

28 in the complaint.

                                    1

4.     Defendant admits that venue in the Central District of California is proper.

5.     Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 5 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

6.     Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 6 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

7.     Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 7 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

8.     Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 8 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

9.     Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 9 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

10.     Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 10 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

11.     Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 11 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

12.     Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 12 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

13.     Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 13 of the complaint, and based thereon denies,

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

978444.1

generally and specifically, each and every such allegation.

14. Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 14 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

15. Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 15 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

16. Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 16 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

17. Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 17 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

18. Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 18 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

19. Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 19 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

20. Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 20 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

21. Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 21 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

22. Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 22 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

WOODRUFF, SPRADLIN & SMART ATTORNEYS AT LAW COSTA MESA

978444.1

1    23.   Defendant lacks sufficient information or belief to enable it to respond to
2 the allegations set forth in paragraph 23 of the complaint, and based thereon denies,
3 generally and specifically, each and every such allegation.

4    24.   Defendant lacks sufficient information or belief to enable it to respond to
5 the allegations set forth in paragraph 24 of the complaint, and based thereon denies,
6 generally and specifically, each and every such allegation.

7    25.   Defendant admits that the Alexander Inn, located within the jurisdictional
8 boundaries of the City, was previously operated as a multi-family apartment complex
9 and as a vacation rental business.  Except as otherwise expressly admitted herein,
10 Defendants lacks sufficient information or belief to enable it to respond to the
11 allegations set forth in paragraph 25 of the complaint, and based thereon denies,
12 generally and specifically, each and every such allegation.

13    26.   Defendant admits that the Alexander Inn is a five-unit building located in
14 a fully developed area of multi-family units, small hotels and single-family homes.
15 Except as otherwise expressly admitted herein, Defendant lacks sufficient information
16 or belief to enable it to admit or deny the allegations in paragraph 26, and based
17 thereon denies, generally and specifically, each and every such allegation.

18    27.   Defendant admits that the Palm Tee Hotel was previously operated as a
19 vacation rental business.  Except as otherwise expressly admitted herein, Defendant
20 lacks sufficient information or belief to enable it to respond to the allegations set forth
21 in paragraph 27 of the complaint, and based thereon denies, generally and specifically,
22 each and every such allegation.

23    28.   Defendant admits that the Palm Tee Hotel is a two-story 16 unit building
24 located in a fully developed area of multi-family units, small hotels and single-family
25 homes.  Defendant further admits that the parcel on which the Palm Tee Hotel sits has
26 split zoning.  The southern half of the parcel is zoned R-3 and the northern half of the
27 parcel is zoned R-2.  Defendant admits that the entire parcel is designated as "Tourist
28 Resort Commercial" by the City's General Plan.  Except as otherwise expressly

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

978444.1

admitted herein, Defendant lacks sufficient information or belief to enable it to admit or deny the allegations in paragraph 28, and based thereon denies, generally and specifically, each and every such allegation.

29.   Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 29 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

30.   Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 30 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

31.   Defendant admits that the City's Planning Director, Craig Ewing, communicated to Plaintiff that the use of the Alexander Inn as a substance abuse recovery center for persons recovering from alcoholism, drug abuse and/or other addictions was not permitted under the Palm Springs Municipal Code without a conditional use permit.  Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 31 of the complaint.

32.   Defendant admits that the City's Planning Director, Craig Ewing, communicated to Plaintiff that the use of the Alexander Inn as a substance abuse recovery center for persons recovering from alcoholism, drug abuse and/or other addictions was not permitted under the Palm Springs Municipal Code without a conditional use permit.  Defendant admits that the change in use of the Alexander Inn proposed by Plaintiff required that the Alexander Inn be brought into compliance with current code requirements, including building code requirements for fire suppression. Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 32 of the complaint.

33.   Defendant denies, generally and specifically, each and every allegation set forth in paragraph 33 of the complaint.

34.   Defendant admits that Plaintiff submitted information to Mr. Ewing regarding the nature of the business operated by Plaintiff, including information

978444.1

regarding proposed clients, and the nature of the programs offered by Plaintiff. Except as otherwise expressly admitted herein, Defendant denies, generally and specifically, each and every allegation set forth therein.

35.   Defendant denies the allegations set forth in paragraph 35 of the complaint.

36.   Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 36 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

37.   Defendant admits that in 2012, it notified Plaintiff that Plaintiff's use of the Alexander Inn required a conditional use permit, and that without required City approvals the use constituted a public nuisance.   Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 37 of the complaint.

38.   Defendant lacks sufficient information or belief to enable it to respond to the allegations set forth in paragraph 38 of the complaint, and based thereon denies, generally and specifically, each and every such allegation.

39.   Defendant admits that on or about April 9, 2012, a City code compliance officer, Nadine Fieger, visited Plaintiff's business to inquire as to the nature of the business operations being conducted.   Except as otherwise expressly admitted herein, Defendant denies each and every allegation set forth in paragraph 39 of the complaint.

40.   Defendant admits that on or about April 9, 2012, representatives of Plaintiff's business made statements to the City's code compliance officer regarding the purported nature of the business operated by Plaintiff.   Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 40 of the complaint.

41.   Defendant admits that on or about April 9, 2012, Plaintiff represented to the City's code compliance officer that Plaintiff's business operations did not require any license from the State of California.   Except as otherwise expressly admitted

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

978444.1

1   herein, Defendant denies the allegations set forth in paragraph 41 of the complaint.

2   42.   Defendant admits that City staff did not accept Plaintiff's

3   characterization of its business operations, and instead considered Plaintiffs to be a

4   change in use to an assisted living facility.  Defendant further admits that on or about

5   April 12, 2012, the City's Department of Building and Safety/Code Enforcement

6   issued a written notice advising Plaintiff that a conditional use permit was required for

7   both the Alexander Inn and the Palm Tee Hotel.   Defendant lacks sufficient

8   information or belief to enable it to admit or deny the allegations regarding the need,

9   or lack thereof, for Plaintiff to obtain a license from the State of California for any of

10  its business operations, and based thereon denies said allegations.  Except as expressly

11  admitted or denied herein, Defendant denies the allegations set forth in paragraph 42

12  of the complaint.

13  43.   Defendant admits that the City's Department of Building and

14  Safety/Code Enforcement notified Plaintiff in writing on April 12, 2012 that a

15  conditional use permit was required for the Plaintiff's proposed use of the Alexander

16  Inn and the Palm Tee Hotel.  Defendant contends that Palm Springs Zoning Code

17  section 90.00.10 speaks for itself, and denies Plaintiff's attempts to characterize the

18  contents thereof.  Except as otherwise expressly admitted or stated herein, Defendant

19  denies the allegations set forth in paragraph 43 of the complaint.

20  44.   Defendant admits that on or about May 3, 2012, the City issued Plaintiff

21  a Courtesy Notice of Violation advising Plaintiff that Plaintiff's operation of the Palm

22  Tee Hotel and Alexander Inn as substance abuse recovery centers/assisted living

23  facilities with seven or more beds without an approved conditional use permit violated

24  Palm Springs Municipal Code section 11.72.080 and Palm Springs Zoning Code

25  section 92.03.01.C.2 and constituted a public nuisance.

26  45.   Defendant contends that the provisions of section 92.03.01.C of the Palm

27  Springs Zoning Code speak for themselves, and denies Plaintiff's attempts to

28  characterize the contents thereof.  Except as otherwise stated herein, Defendant denies

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

7

1   the allegations set forth in paragraph 45 of the complaint.

2       46.    Defendant admits that it advised Plaintiff that because Plaintiff did not

3   have a required conditional use permit, Plaintiff was in violation of Palm Springs

4   Municipal Code section 11.72.080, which provides that any violation of the City's

5   zoning ordinance is a public nuisance.  Except as otherwise expressly admitted herein,

6   Defendant denies the allegations set forth in paragraph 46 of the complaint.

7       47.    Defendant admits that on or about May 30, 2012, it met with

8   representatives of Plaintiff to review the prior notices issued to Plaintiff.  Defendant

9   admits that during that meeting, representatives of Plaintiff made representations to

10  the City regarding the nature of the business operations undertaken by the Plaintiff at

11  the Palm Tee Hotel and the Alexander Inn.  Except as otherwise expressly admitted,

12  Defendant denies the allegations set forth in paragraph 47 of the complaint.

13      48.    Defendant admits on or about May 30, 2012, City staff told

14  representatives of Plaintiff that Plaintiff appeared to be operating the Palm Tee hotel

15  and the Alexander Inn as assisted living facilities without required conditional use

16  permits.  Defendant further admits that City staff advised Plaintiff that appropriate

17  applications for conditional use permits would have to be filed or the City would take

18  enforcement action.  Except as otherwise expressly admitted herein, Defendant denies

19  the allegations set forth in paragraph 48 of the complaint.

20      49.    Defendant lacks sufficient information or belief to enable it to respond to

21  the allegations set forth in paragraph 49 of the complaint, and based thereon denies,

22  generally and specifically, each and every such allegation.

23      50.    Defendant admits that on or about June 25, 2012, Plaintiff filed

24  applications for conditional use permits to operate the Alexander Inn and the Palm

25  Tee Hotel as substance abuse recovery centers/assisted living facilities.  Except as

26  otherwise expressly admitted herein, Defendant denies the allegations set forth in

27  paragraph 50 of the complaint.

28  ///

978444.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

51.    Defendant denies the allegations set forth in paragraph 51 of the complaint.

52.    Defendant denies the allegations set forth in paragraph 52 of the complaint.

53.    Defendant denies the allegations set forth in paragraph 53 of the complaint.

54.    Defendant lacks sufficient information and belief regarding Plaintiff's reasons for submitting conditional use permit applications, and based thereon denies the allegations regarding those motives in paragraph 54 of the complaint.  Except as otherwise expressly stated, Defendant denies the allegations set forth in paragraph 54 of the complaint.

55.    Defendant admits the allegations set forth in paragraph 55 of the complaint.

56.    Defendant admits that on or about July 5, 2012, the City notified Plaintiff that its CUP applications were incomplete and requested additional information. Except as expressly admitted herein, Defendant denies the allegations set forth in paragraph 56 of the complaint.

57.    Defendant admits that among the other information requested from Plaintiff, the City requested that Plaintiff include in its conditional use permit applications information regarding its prospective clients.   Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 57 of the complaint.

58.    Defendant denies the allegations set forth in paragraph 58 of the complaint.

59.    Defendant admits that some of the neighbors of the Plaintiff's proposed uses notified the City of their objections to the proposed uses.  Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 59 of the complaint.

978444.1

60.    Defendant denies the allegations set forth in paragraph 60 of the complaint.

61.    Defendant denies the allegations set forth in paragraph 61 of the complaint.

62.    Defendant admits the in early September 2012, City Staff indicated that it would recommend that the decision making body deny the conditional use permit applications submitted by Plaintiff.  Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 62 of the complaint.

63.    Defendant admits that on or about September 5, 2012, representatives of Intervention911 met with representatives of the City to discuss City staff's stated intent to recommend the denial of Plaintiff's CUP applications.  Except as otherwise expressly admitted herein, Defendant lacks sufficient information and belief to enable it to admit or deny the allegations set forth in paragraph 63 of the complaint, and based thereon denies said allegations.

64.    Defendant admits that in or about early September 2012, City staff advised Plaintiff that if Plaintiff did not wish to pursue a conditional use permit application, Plaintiff could consider an application for a Planned Development District as an alternative approach.  Except as otherwise expressly admitted, Defendant denies the allegations set forth in paragraph 64 of the complaint.

65.    Defendant lacks sufficient information or belief as to the motive of Intervention911 in rejecting the Planned Development District approval alternative and based thereon denies the allegations regarding Plaintiff's motives in paragraph 65 of the complaint.   Except as otherwise expressly stated, Defendant denies the allegations set forth in paragraph 65 of the complaint.

66.    Defendant admits that Plaintiff suggested creating a "specialty" hotel at the Palm Tee Hotel for its clients and suggested operation of the Alexander Inn as an apartment complex.  Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 66 of the complaint.

10

978444.1

67.     Defendant denies the allegations set forth in paragraph 67 of the complaint.

68.     Defendant denies the allegations set forth in paragraph 68 of the complaint.

69.     Defendant admits that Plaintiff withdrew its application for conditional use permits on or about September 26, 2012.  Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 69 of the complaint.

70.     Defendant admits the allegations set forth in paragraph 70 of the complaint, but denies that the November 1, 2012 letter was limited to the two assertions set forth in paragraph 70 of the complaint.

71.     Defendant admits that in its November 1, 2012 written correspondence to Plaintiff, the City advised Plaintiff that based on the information then available, including the uses to which Plaintiff was putting the properties, Plaintiff's marketing literature, and information available on the internet, Plaintiff was not operating the properties as hotels, but instead as substance abuse recovery centers/assisted living facilities, which required the approval of conditional use permits.  Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 71 of the complaint.

72.     Defendant denies the allegations set forth in paragraph 72 of the complaint.

73.     Defendant alleges that the provisions of section 91.00.10 of the Palm Springs Zoning Code speak for themselves, and denies Plaintiff's attempts to characterize the contents of that provision.

74.     Defendant denies the allegations set forth in paragraph 74 of the complaint.

75.     Defendant admits that by letter dated November 15, 2012, Plaintiff appealed certain determinations made by the City in its November 1, 2012 letter to Plaintiff.  Defendant alleges that the December 15, 2012 letter from Plaintiff speaks

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

978444.1

for itself, and denies Plaintiff's attempts to characterize the content of that letter. Except as otherwise expressly stated herein, Defendant denies the allegations in paragraph 75 of the complaint.

76.   Defendant admits the allegations set forth in paragraph 76 of the complaint.

77.   Defendant admits that Plaintiff appeared at an appeal hearing before the Palm Springs Planning Commission on December 12, 2012.  Defendant further admits that at said hearing, Plaintiff asserted that it was not operating either the Palm Tee Hotel or the Alexander Inn as assisted living facilities or drug treatment facilities. Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 77 of the complaint.

78.   Defendant admits that on or about December 12, 2012, the Palm Springs Planning Commission voted to continue the appeal hearing for four to six weeks and directed staff to work with the applicant on issues relating to zoning and building requirements, and also directed City staff to conduct further investigation of the alleged changes made at the properties by the Plaintiff.  Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 78 of the complaint.

79.   Defendant denies the allegations set forth in paragraph 79 of the complaint.

80.   Defendant denies the allegations set forth in paragraph 80 of the complaint.

81.   Defendant admits that the continued hearing on Plaintiff's appeal from the determinations of the Palm Springs Planning Director was scheduled for hearing on January 23, 2013 before the Palm Springs Planning Commission.   Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in Paragraph 81 of the complaint.

///

978444.1

82.   Defendant admits that by letter dated January 22, 2013, Plaintiff requested an accommodation that included the language quoted in paragraph 82 of the complaint.   Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 82 of the complaint.

83.   Defendant admits that by letter dated January 22, 2013, Plaintiff requested an accommodation that included the language quoted in paragraph 83 of the complaint.   Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 83 of the complaint.

84.   Defendant admits that by letter dated January 22, 2013, Plaintiff requested an accommodation that included the language quoted in paragraph 84 of the complaint.   Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 84 of the complaint.

85.   Defendant denies the allegations set forth in paragraph 85 of the complaint.

86.   Defendant denies the allegations set forth in paragraph 86 of the complaint.

87.   Defendant denies the allegations set forth in paragraph 87 of the complaint.

88.   Defendant admits that representatives of Plaintiff met with members of the Palm Springs Fire Department and planning staff on February 4, 2013.   Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 88 of the complaint.

89.   Defendant admits that during the February 4, 2013 meeting, City staff advised Plaintiff's representatives that City staff continued to believe that a conditional use permit was necessary for Plaintiff's proposed uses at the Palm Tee Hotel and the Alexander Inn.   Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 89 of the complaint.

///

978444.1

90.     Defendant admits that following a continuance of the January 23, 2013 Planning Commission meeting requested by Plaintiff, the Planning Commission met to hear Plaintiff's appeal at a duly noticed meeting on February 13, 2013.  Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 90 of the complaint.

91.     Defendant admits the allegations set forth in paragraph 91 of the complaint.

92.     Defendant admits that the City ordered the swimming pool at the Palm Tee Hotel closed for public safety reasons after February 13, 2013.   Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 92 of the complaint.

93.     Defendant admits that as part of its closure of the pool at the Palm Tee Hotel, the City caused a sign stating "Closed Pool" to be placed at the entrance of the pool area at the Palm Tee Hotel.  Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 93 of the complaint.

94.     Defendant admits that Plaintiff alleged that it was being treated differently than other allegedly similar groups.   Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 94 of the complaint.

95.     Defendant denies the allegations set forth in paragraph 95 of the complaint, including any suggestion that Plaintiff was treated any differently than any similarly situated business operator.

96.     Defendant admits that on April 3, 2013, Plaintiff reiterated its prior request for an accommodation from the City.   Defendant further admits that the document attached to the complaint as Exhibit C appears to be a copy of that correspondence.  Except as otherwise expressly admitted herein, Defendant denies the allegations set forth in paragraph 96 of the complaint.

///

978444.1

1       97.   Defendant denies the allegations set forth in paragraph 97 of the

2  complaint.

3       98.   Defendant admits the allegations set forth in paragraph 98 of the

4  complaint.

5       99.   Defendant admits the allegations set forth in paragraph 99 of the

6  complaint.

7      100.  Defendant denies the allegations set forth in paragraph 100 of the

8  complaint.

9      101.  Defendant denies the allegations set forth in paragraph 101 of the

10  complaint.

11      102.  Answering paragraph 102 of the complaint, Defendant refers to its

12  answers to the allegations incorporated by reference into said paragraph and

13  incorporates said answers herein by reference as though fully set forth and for the

14  same effect.

15      103.  Defendant denies the allegations set forth in paragraph 103 of the

16  complaint.

17      104.  Answering paragraph 104 of the complaint, Defendant refers to its

18  answers to the allegations incorporated by reference into said paragraph and

19  incorporates said answers herein by reference as though fully set forth and for the

20  same effect.

21      105.  Defendant lacks sufficient information or belief to enable it to respond to

22  the allegations set forth in paragraph 105 of the complaint, and based thereon denies,

23  generally and specifically, each and every such allegation.

24      106.  Paragraph 106 asserts conclusions of law, not allegations of fact.

25  Nevertheless, Defendant admits that it is a public entity.

26      107.  Defendant denies the allegations set forth in paragraph 107 of the

27  complaint.

28  ///

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

978444.1

108.   Answering paragraph 108 of the complaint, Defendant refers to its answers to the allegations incorporated by reference into said paragraph and incorporates said answers herein by reference as though fully set forth and for the same effect.

109.   Defendant denies the allegations set forth in paragraph 109 of the complaint.

## FIRST AFFIRMATIVE DEFENSE
### (To All Causes of Action)

As an affirmative defense, Defendant alleges that the complaint fails to set forth sufficient facts to state a viable cause of action against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE
### (To All Causes of Action)

As a separate and additional affirmative defense, Defendant alleges that the complaint is barred by Plaintiff's failure to exhaust available administrative remedies. Based on the allegations in Plaintiff's complaint, specifically at Paragraph 69, Plaintiff withdrew its CUP application on September 26, 2012.   Plaintiff therefore failed to achieve a final administrative approval or denial of the CUP.  Further, to the extent Plaintiff is alleging claims under the California Fair Employment and Housing Act ("FEHA"), based on the allegations in the complaint, Plaintiff failed to file an administrative complaint with the Department of Fair and Equal Housing ("DFEH").

## THIRD AFFIRMATIVE DEFENSE
### (To All Causes of Action)

As a separate and additional affirmative defense, Defendant alleges that the complaint is barred by Plaintiff's failure to exhaust available administrative remedies, rendering the claims asserted by Plaintiff unripe.   Based on the allegations in Plaintiff's complaint, specifically at Paragraph 69, Plaintiff withdrew its CUP application on September 26, 2012.   Plaintiff therefore failed to achieve a final administrative approval or denial of the CUP. Further, to the extent Plaintiff is

16

alleging claims under FEHA, based on the allegations in Plaintiff's complaint, Plaintiff failed to complete a timely administrative complaint with DFEH.

## FOURTH AFFIRMATIVE DEFENSE

### (To All Causes of Action)

As a separate and additional affirmative defense, Defendant alleges that each of the claims asserted in the complaint is barred by Plaintiff's failure to exhaust available judicial remedies. Based on the allegations in Plaintiff's complaint, specifically at Paragraph 69, Plaintiff withdrew its CUP application on September 26, 2012. Plaintiff therefore failed to achieve a final administrative approval or denial of the CUP.   If Plaintiff had achieved a final administrative denial of the CUP, Plaintiff would have been required to challenge the final administrative decision through a writ of mandate proceeding under Code of Civil Procedure section 1094.5 et al.  Based on the allegations in Plaintiff's complaint, Plaintiff did not do this and therefore Plaintiff's state law claims are barred for Plaintiff's failure to exhaust judicial remedies.  Further, Plaintiff also failed to achieve a final administrative decision from the DFEH, which would have been subject to judicial review through a mandamus proceeding.

## FIFTH AFFIRMATIVE DEFENSE

### (To All Causes of Action)

As a separate and additional affirmative defense, Defendant alleges that each of the claims asserted in the complaint are barred by the relevant statute of limitations as follows: Government Code sections 12980 and 12981.1 for the FEHA claim, 42 U.S.C. section 3613 for the FHA claim, and California Code of Civil Procedure section 335.1 for the ADA claim (See, Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1137 n. 2 (9th Cir.2002) (California personal injury statute of limitations is applicable to ADA claims).   To the extent Plaintiff was required to bring a petition for writ of mandate to challenge a final administrative decision arising out of a state law claim, such claim is barred by the statute of limitations contained in California

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

17

1   Code of Civil Procedure section 1094.6.

2       Defendant has not yet completed discovery in this matter.  Defendant hereby

3   reserves the right to assert other or additional affirmative defenses warranted by or

4   supported by discovery in this case.

5       WHEREFORE, Defendant prays that Plaintiff take nothing by way of its

6   complaint and that said Defendant be dismissed with costs herein incurred and for

7   such other and further relief as the Court deems just and proper.

8   DATED:  January 30, 2014            WOODRUFF, SPRADLIN & SMART, APC

9

10                              By: s/ Caroline A. Byrne _____

11                                  CAROLINE A. BYRNE
                                    Attorneys for   Defendant CITY OF PALM
12                                  SPRINGS, a public entity

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

978444.1

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

## **DEMAND FOR JURY TRIAL**

Defendant CITY OF PALM SPRINGS, a public entity, hereby requests a trial by jury.

DATED:  January 30, 2014            WOODRUFF, SPRADLIN & SMART, APC


By: s/ Caroline A. Byrne_____
CAROLINE A. BYRNE
Attorneys for  Defendant CITY OF PALM
SPRINGS, a public entity

19

978444.1

1

## PROOF OF SERVICE

2

## STATE OF CALIFORNIA, COUNTY OF ORANGE

3

    I am over the age of 18 and not a party to the within action; I am employed by WOODRUFF, SPRADLIN & SMART in the County of Orange at 555 Anton Boulevard, Suite 1200, Costa Mesa, CA 92626-7670.

4

5

    On January 30, 2014, I served the foregoing document(s) described as **DEFENDANT CITY OF PALM SPRINGS' ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**

6

7

☐    by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list;

8

9

☐    **(BY MAIL)** I placed said envelope(s) for collection and mailing, following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for deposit in the United States Postal Service. I am readily familiar with the practice of WOODRUFF, SPRADLIN & SMART for collection and processing correspondence for mailing with the United States Postal Service, and said envelope(s) will be deposited with the United States Postal Service on said date in the ordinary course of business.

10

11

12

13

☒    **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

14

15

16

☐    **(BY OVERNIGHT DELIVERY)** I placed said documents in envelope(s) for collection following ordinary business practices, at the business offices of WOODRUFF, SPRADLIN & SMART, and addressed as shown on the attached service list, for collection and delivery to a courier authorized by _____ to receive said documents, with delivery fees provided for. I am readily familiar with the practices of WOODRUFF, SPRADLIN & SMART for collection and processing of documents for overnight delivery, and said envelope(s) will be deposited for receipt by _____ on said date in the ordinary course of business.

17

18

19

20

☐    **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

21

22

23

☒    (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

24

    Executed on January 30, 2014, at Costa Mesa, California.

25

26

                        s/ Laura F. Perez
                        LAURA F. PEREZ

27

28

WOODRUFF, SPRADLIN & SMART
ATTORNEYS AT LAW
COSTA MESA

978444.1

WOODRUFF, SPRADLIN
& SMART
ATTORNEYS AT LAW
COSTA MESA

**INTERVENTION911, et al. v. CITY OF PALM SPRINGS, et al.**

**ASSIGNED TO HON. MARGARET M. MORROW**
**COURTROOM 780**
**MAGISTRATE JUDGE OSWALD PARADA**
**COURTROOM 3**

**USDC, CENTRAL DISTRICT OF CALIFORNIA**
**CASE NO. EDCV13-01117 MMM (OPx)**

**SERVICE LIST**

| | |
|---|---|
| David L. Baron<br>Brent C. Clemmer<br>SLOVAK BARON EMPEY MURPHY &<br>PINKNEY LLP<br>1800 E. Tahquitz Canyon Way<br>Palm Springs, CA 92262<br>Telephone: (760) 322-2275<br>Facsimile: (760) 322-2107<br>baron@sbelawyers.com<br>clemmer@sbelawyers.com | Attorneys for Plaintiff<br>**INTERVENTION911, a California**<br>**corporation** |
| Ethan J. Loeb<br>SMOLKER, BARTLETT, SCHLOSSER,<br>LOEB & HINDS, P.A.<br>500 E. Kennedy Bl., Suite 200<br>Tampa, FL 33602<br>Telephone: (813) 223-3888<br>Facsimile: (813) 228-6422<br>ethanl@smolkerbartlett.com | Attorneys for Plaintiff  Pro Hac Vice<br>**INTERVENTION911, a California**<br>**corporation** |
| Steven G. Polin<br>LAW OFFICE OF STEVEN G. POLIN<br>3034 Tennyson Street, NW<br>Washington, DC 20015<br>Telephone: (202) 331-5848<br>Facsimile: (202) 331-5849<br>spolin2@earthlink.net | Attorneys for Plaintiff Pro Hac Vice<br>**INTERVENTION911, a California**<br>**corporation** |

08/29/13

21

978444.1