## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-1117-MMM (OPx)** | Date | **May 30, 2014** |
|---|---|---|---|
| Title | **Intervention911 v. City of Palm Springs** | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | |
|---|---|---|
| Deb Taylor | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

Proceedings:    **MOTION TO COMPEL SUPPLEMENTAL RULE 26 EXPERT REPORTS (ECF No. 39); MOTION TO COMPEL DEPOSITION OF CORPORATE REPRESENTATIVE (ECF No. 50)**

# I.
# Proceedings

On May 2, 2014, the parties filed a Joint Stipulation re: the City of Palm Springs' ("Defendant") Motion to Compel Supplemental Rule 26 Expert Reports, along with supporting declarations and exhibits. (ECF Nos. 39-43.) On May 19, 2014, the parties filed a Joint Stipulation re: Intervention911's ("Plaintiff") Motion to Compel Deposition of Corporate Representative, along with supporting declarations and exhibits. (ECF Nos. 50, 51.) The parties have not filed any supplemental memoranda. The fact discovery cut-off date is April 18, 2014; the expert discovery cut-off date is May 16, 2014, and all discovery motions are to be filed sufficiently in advance of the discovery cut-off date so that they may be heard on or before that date. (ECF Nos. 18, 32.)

The Court found these matters suitable for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. As a result, the Court vacated the respective hearing dates. (ECF No. 56.) For the reasons set forth below, the Court GRANTS Defendant's Motion to Compel and DENIES Plaintiff's Motion to Compel.

/ / /

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-1117-MMM (OPx)** | Date | **May 30, 2014** |
|---|---|---|---|
| Title | **Intervention911 v. City of Palm Springs** | | |

**II.**
**Discussion**

**A.     Legal Standards.**

The scope and limitations of discovery are set forth by the Federal Rules of Civil Procedure and Evidence.  Rule 26 provides in pertinent part that:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.   All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1).

Trial courts have broad discretion in granting or denying discovery.  Santos ex rel. Santos v. City of Culver City, 228 Fed. App'x 655, 657 (9th Cir. 2007) (citation omitted) (internal quotation marks omitted) ("broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.").

**B.     Background.**

In November of 2011, Plaintiff purchased a multi-family structure known as the Alexander Inn (the "Alexander") to provide a sober living environment to individuals recovering from addiction to alcohol and controlled substances.  No treatment, supervised care, or medical care is occurring at the Alexander.  Plaintiff made these facts known to Defendant in November 2011.  Defendant subsequently declared that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-1117-MMM (OPx)** | Date | **May 30, 2014** |
|----------|---------------------------|------|------------------|
| Title | **Intervention911 v. City of Palm Springs** | | |

Alexander would be classified as an assisted living facility under Defendant's zoning code and that Plaintiff must obtain a conditional use permit to provide housing to recovering addicts.  Plaintiff then provided Defendant with a list of other sober living homes with similar attributes to the Alexander, i.e., multi-family or hotel/resort structures, and asked Defendant to either (a) allow the Alexander to operate like the other sober living homes, i.e., provide a sober housing environment without the need to obtain a conditional use permit; or (b) require the other sober living homes to obtain conditional use permits.  Defendant refused both requests.

Defendant subsequently initiated code enforcement proceedings, concluded that operating the Alexander as a sober living home was a public nuisance, and cited Plaintiff for providing sober living accommodations to recovering addicts without a conditional use permit.  Defendant also reclassified the Alexander and the Palm Tee Hotel[1] as drug and alcohol treatment centers for fire safety purposes and required that upgrades be made to the two buildings before Plaintiff could provide housing to recovering addicts.  Defendant justified the reclassification for fire safety purposes by concluding that individuals recovering from the disease of addiction are "more dangerous" than non-handicapped/non-disabled individuals.

On June 21, 2013, Plaintiff filed the current action alleging discrimination under the Fair Housing Act (" FHA") (42 U.S.C. §§ 3601 et seq.), discrimination under the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12131 et seq.), and a violation of the California Fair Employment and Housing Act (California Government Code §§ 12926-27, 12955 et seq.).  Plaintiff seeks damages, injunctive relief, and declaratory relief. (ECF No. 1.)

## C.    Defendant's Motion to Compel (ECF No. 39).

Rule 26 requires that experts retained to testify at trial provide an expert report that contains the following: (1) a complete statement of all opinions the witness will express

---

[1] The "Palm Tee" is a second structure that Plaintiff acquired to provide sober living accommodations.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1117-MMM (OPx) | Date | May 30, 2014 |
|---|---|---|---|
| Title | Intervention911 v. City of Palm Springs | | |

and the basis and reasons for them; (2) the facts or data considered by the witness in forming them; (3) any exhibits that will be used to summarize or support them; (4) the witness's qualifications, including a list of all publications authored in the previous ten years; (5) a list of all other cases in which, during the previous four` years, the witness testified as an expert at trial or by deposition; and (6) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B).

On April 18, 2014, Plaintiff served its Rule 26 expert disclosure in which Plaintiff identified three experts, Dr. Harry Harountunian, Jim Cioffi, and Andrew Wainwright. Plaintiff also produced a report from each expert as to their opinions relevant to the current action. Dr. Haroutunian's report identified several opinions, including whether individuals living in sober living homes were more dangerous than those living in single-family residences and whether there was any meaningful difference between individuals in sober living environments and individuals living in a non-sober living environment. As support for Dr. Haroutunian's opinions, he stated that he has "reviewed various documents provided to me by the client, such as the house rules. I have also visited the Palm Tee and the Alexander and have interviewed Ken Seeley and Eric McLaughlin." However, Dr. Haroutunian failed to identify the specific facts and data he considered in forming his opinions. (Tam Decl. Ex. 1.) Consequently, Defendant contends that the report is deficient and thus seeks a supplemental Rule 26 expert report from Plaintiff.[2]

Mr. Cioffi expressed five separate opinions in his report. To support his opinions, Mr. Cioffi cited his "experience with the Palm Springs Land Development Code, work on assisted living facilities within the City of Palm Springs, interviews with the clients, and a review of documents that were provided to me, including the set of house rules, admission forms, and brochures/informational documents, and internal documents provided by the City of Palm Springs." However, Mr. Cioffi failed to identify any of the

---

[2] In the alternative, Defendant requests that the Court exclude the testimony of Dr. Haroutunian for failing to comply with the requirements of Rule 26 (a)(2)(B). However, such evidentiary sanctions must be properly raised before District Judge Morrow.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1117-MMM (OPx) | Date | May 30, 2014 |
|---|---|---|---|
| Title | Intervention911 v. City of Palm Springs | | |

specific facts or data he used in forming his opinion.  (Tam Decl. Ex. 2.)  Consequently, Defendant contends that the report is deficient and thus seeks a supplemental Rule 26 expert report from Plaintiff.[3]

Mr. Wainwright produced a report with eight opinions with additional subparts.  At the conclusion of his opinions, Mr. Wainwright stated that he had reviewed, "the complaint, the Oxford House Manual, cases settled in Oxford House actions, and information about The Alexander and The Palm Tee, and based on telephone conversations with Plaintiff's counsel, Ethan Loeb…"  However, Mr. Wainwright did not identify any of the specific documents or facts he relied on in forming his opinions or the specific facts and data he received from Mr. Loeb.  Mr. Wainwright also offered several opinions that the properties were not boarding homes, group homes, halfway houses or addiction treatment facilities, but did not provide any of the data or facts he relied on in coming to those opinions.  Rather, Mr. Wainwright referred to "information about The Alexander and The Palm Tee" and telephone calls with Mr. Loeb.  Mr. Wainwright failed to reference what information was provided by Mr. Loeb in forming his opinions.  (Tam Decl. Ex. 3.)  Consequently, Defendant contends that the report is deficient and thus seeks a supplemental Rule 26 expert report from Plaintiff.[4]

Plaintiff contends that it has adequately disclosed the facts and data upon which its experts rely in order to formulate their opinions and that there is no need to further supplement the disclosures.  However, to the extent Defendant wishes to further understand the opinions of the experts, Plaintiff contends that Defendant can do so during the depositions of the experts which have already been scheduled.

---

[3]  In the alternative, Defendant requests that the Court exclude the testimony of Mr. Cioffi for failing to comply with the requirements of Rule 26 (a)(2)(B).  However, such evidentiary sanctions must be properly raised before District Judge Morrow.

[4]  In the alternative, Defendant requests that the Court exclude the testimony of Mr. Wainwright for failing to comply with the requirements of Rule 26 (a)(2)(B).  However, such evidentiary sanctions must be properly raised before District Judge Morrow.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-1117-MMM (OPx)** | Date | **May 30, 2014** |
|---|---|---|---|
| Title | **Intervention911 v. City of Palm Springs** | | |

The Court has reviewed the aforementioned expert reports and finds that the reports are deficient for the reasons stated by Defendant. While Defendant certainly can seek further clarification during the scheduled expert depositions, the experts can also clearly and easily supplement their reports to fully comply with Rule 26. Thus, the Court finds that Defendant's Motion to Compel should be granted.[5]

**C.    Plaintiff's Motion to Compel (ECF No. 50).**

Rule 30 requires provides in pertinent part that: "a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6).

On May 5, 2014, Plaintiff took the depositions of Defendant's representatives on fourteen requested topics. An objection was timely made to two of the topics which are not the subject of the Motion to Compel. The remaining twelve topics noticed were for several areas of testimony, which are summarized to include the following: (1) City zoning code text amendment information; (2) enforcement and zoning application history with four other sober living facilities in the City; (3) fire inspection records for the four other sober living facilities in the City; and (4) zoning classification of the four

---

[5]    As set forth above, Judge Morrow's order states that all discovery motions are to be filed sufficiently in advance of the discovery cut-off date so that they may be heard on or before that date. The fact discovery cut-off date was April 18, 2014, and the expert discovery cut-off date was May 16, 2014. (ECF Nos. 18, 32.) Because the Joint Stipulation was filed on May 2, 2014, before the discovery cut-off dates, the Court has exercised its discretion and determined that it is appropriate to issue a ruling on the merits of the Motion to Compel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 13-1117-MMM (OPx) | Date | May 30, 2014 |
|---|---|---|---|
| Title | Intervention911 v. City of Palm Springs | | |

other sober living facilities in the City.

Defendant contends that, during the depositions of its representatives, Plaintiff produced documents on the four other sober living facilities that it had previously received from Defendant via multiple subpoena and public record requests.  Defendant contends that these requests were served on Defendant without notice to its attorneys, some after the fact discovery cutoff date.

Defendant further contends that Plaintiff, in the Motion to Compel, has failed to identify the specific categories to which it seeks further depositions; that Plaintiff has refused to meet and confer on the issues involved in the Motion to Compel, the sole exception being a prophylactic agreement between counsel before the disputes even arose that would have obviated the need to file the current Motion to Compel; and that Plaintiff and counsel engaged in unprofessional conduct by verbally abusing defense counsel at the time of the deposition, by refusing defense counsel's attempt to meet and confer at that time, by not attempting to meet and confer immediately after the depositions were over, and by rejecting a further attempt by defense counsel to meet and confer in an attempt to avoid the filing of the current Motion to Compel.  Thus, Defendant contends that Plaintiff's Motion to Compel should be denied and that sanctions should be awarded against Plaintiff and pro hac vice counsel.

Plaintiff contends that on the morning of May 5, 2014, the date set for the Rule 30(b)(6) deposition, counsel for Defendant stated that Defendant's corporate representative would not appear for the scheduled deposition.  After further discussion, counsel  agreed that if Defendant would agree to have individuals sitting in their personal capacity also sit in a corporate representative capacity, the filing of the current Motion to Compel could be avoided.  However, Plaintiff contends that Defendant did not adequately and timely prepare its witnesses for the Rule 30(b)(6) deposition as agreed to by the parties.  Rather, Plaintiff contends that Defendant's designations of its corporate representatives were incomplete, haphazard, and failed to comply with Rule 30(b)(6).  Thus, Plaintiff seeks to compel Defendant to produce a corporate representative for deposition who has knowledge of and is prepared to testify as to the noticed topics and also requests sanctions.

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-1117-MMM (OPx)** | Date | **May 30, 2014** |
|---|---|---|---|
| Title | **Intervention911 v. City of Palm Springs** | | |

As set forth above, Judge Morrow's order states that all discovery motions are to be filed sufficiently in advance of the discovery cut-off date so that they may be heard on or before that date. The fact discovery cut-off date was April 18, 2014, and the expert discovery cut-off date was May 16, 2014. (ECF Nos. 18, 32.) Because the Joint Stipulation was filed on May 19, 2014, after the discovery cut-off dates, and Plaintiff has not sought permission from Judge Morrow to have the untimely Motion to Compel heard, the Court finds that a ruling on the merits of the Motion to Compel is not warranted. Thus, the Court denies Plaintiff's Motion to Compel.

### III.
### Conclusion

Based on the foregoing, the Court GRANTS Defendant's Motion to Compel. (ECF No. 39). Plaintiff shall provide supplemental expert reports that fully comply with Rule 26 no later than June 13, 2014. Further, the Court DENIES Plaintiff's Motion to Compel. (ECF No. 50.) Finally, the Court DENIES the parties' respective requests for sanctions, as overall circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(d)(3).

**IT IS SO ORDERED.**

cc: All Parties of Record

| | Initials of Preparer | dts |
|---|---|---|