Ethan J. Loeb, Esq. (Florida Bar No. 668338)
Jessica S. Swann, Esq. (Florida Bar No. 86261)
SMOLKER, BARTLETT, SCHLOSSER, LOEB & HINDS, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, Florida 33602
Telephone: (813) 223-3888; Facsimile: (813) 228-6422
ethanl@smolkerbartlett.com
jessicas@smolkerbartlett.com
*PRO HAC VICE*

Steven G. Polin, Esquire (DC Bar No. 439234)
3034 Tennyson Street NW
Washington, DC 20015
Telephone: (202) 331-5848; Facsimile: (202) 537-2986
spolin2@earthlink.net
*PRO HAC VICE*

David L. Baron, Esq. (SBN 105212)
Brent C. Clemmer, Esq. (SBN 179722)
SLOVAK BARON EMPEY MURPHY & PINKNEY LLP
1800 East Tahquitz Canyon Way
Palm Springs, CA 92262
Telephone: (760) 322-2275; Facsimile: (760) 322-2107
baron@sbelawyers.com
Attorneys for Intervention911

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTERVENTION911, a California corporation,<br><br>Plaintiff(s),<br><br>v.<br><br>CITY OF PALM SPRINGS, a California charter city,<br><br>Defendant(s) | CASE NO.: 5:13-01117 MMM-OP<br><br>**JOINT [PROPOSED] STATEMENT OF THE CASE**<br><br>**Hearing Date**: September 2, 2014<br>**Type:** Trial<br>**Hearing Time:** 8:30 a.m.<br>**Judge:** Margaret M. Morrow<br>**Place:** Courtroom 780 |

1

## **INTERVENTION911'S PROPOSED STATEMENT**

Intervention911 is a company that provides sober living environments for persons in recovery from alcoholism and substance abuse. Intevention911 does not provide any treatment or counseling services at its houses. The State of California does not require Intervention911 to be licensed.

In late 2011 and early 2012, Intervention911 bought two dwellings in the City of Palm Springs to provide sober housing for its clients. It bought the Alexander, a multi-family dwelling, and the Palm Tee, a long-term residential hotel. Each of the dwellings is located in a multifamily zoning district.

Complaints were made to the City of Palm Springs by a neighborhood association concerning the use of the Alexander as housing for recovering alcoholics and substance abusers. The City investigated the complaint and started an investigation of the Alexander. The City also investigated the activities occurring at the Palm Tee. The City determined that Intervention911 was in violation of the City's zoning code because the use of the Alexander and the Palm Tee were "assisted living facilities" and as such required a conditional use permit. The City also determined that Intervention911 was required to upgrade its fire suppression systems at both facilities.

Intervention911 contends that the City's decision to classify it as an "Assisted Living Facility" was motivated in part by the complaints of the neighborhood association and the disability of the Intervention 911's residents, and constitutes intentional discrimination based on disability in violation of the federal Fair Housing Act, the Americans with Disabilities Act, and the California Fair

Employment and Housing Act. Intervention911 contends that it has suffered damages as a result of the alleged discrimination.

The City of Palm Springs disputes these contentions. The City contends that its decision that there was a change in use of the Alexander and Palm Tee and that Intervention911 was required to obtain conditional use permits and upgraded fire suppression systems. The City denies it treated Intervention 911or its residents in a discriminatory fashion or that Intervention 911 was damaged in any way.

## **CITY OF PALM SPRINGS' PROPOSED STATEMENT**

Plaintiff Intervention911 purchased two properties in the City of Palm Springs, one in November 2011 and the other in March 2012. Intervention has continuously operated them since then as sober living facilities, which provide a structured residential environment for recovering addicts to transition back to independent living. There is no specific category for "sober living facilities" under the Palm Springs Zoning Code. Such facilities may be able to continue legally operating, however, if they closely resemble one of the existing zoning categories.

In 2012 the City investigated these facilities and made three findings. First, the City determined that there had been a change of use of the property. Second, the City determined that out of the existing zoning code categories Intervention's facilities most closely resembled "assisted living facilities." The City contends its classification of these properties as assisted living facilities was not unreasonable and that its decision was based on proper criteria, not bias. This particular category requires Intervention to obtain conditional use permit applications for its facilities.

Intervention contends that there was no change of use of the properties, and that the City misclassified its facilities based in whole or in part on improper bias against recovering addicts.

Second, the Palm Springs Fire Department determined that the new use of Intervention's facilities required improvements to its fire protection systems. Intervention contends this separate determination was also improperly motivated in whole or in part by bias against recovering addicts.

The City denies that every decision it made in this case was proper and none were motivated by bias at all.

| | | |
|---|---|---|
| Dated: August 15, 2014 | By: | /s/ Ethan J. Loeb |
| | | Ethan J. Loeb, Esquire |
| | | Attorneys for Plaintiff, Intervention 911, a California corporation |

| | | |
|---|---|---|
| Dated: August 15, 2014 | By: | /s/ Robert L. Kaufman |
| | | Robert L. Kaufman |
| | | Attorneys for Defendant, City of Palm Springs |

**INTERVENTION911, et al v. CITY OF PALM SPRINGS, et al.**

**ASSIGNED TO THE HON. MARGARET M. MORROW
COURTROOM 780
MAGISTRATE JUDGE OSWALD PARADA
COURTROOM 3
USDC, CENTRAL DISTRICT OF CALIFORNIA
CASE NO. EDCV13-01117 MMM (OPx)**

**SERVICE LIST**

Caroline A. Byrne, Esquire
Robert L. Kaufman, Esquire
Michael Tam, Esquire
Woodruff, Spradlin & Smart, APC
555 Anton Boulevard, Suite 1200
Costa Mesa, CA 92626-7670
Attorneys for Defendant,
City of Palm Springs, a California charter city