O

# United States District Court
# Central District of California

| | |
|---|---|
| INTERVENTION911,<br><br>            Plaintiff,<br><br>      v.<br><br>CITY OF PALM SPRINGS,<br><br>            Defendant. | Case No. 5:13-cv-01117-ODW (SPx)<br><br>**ORDER DISMISSING FOR LACK OF STANDING AND FOR FAILURE TO PROSECUTE [540]** |

On November 15, 2018, the Court heard argument in the instant matter as to the limited question of whether Plaintiff Intervention911 ("Plaintiff") possesses standing to maintain the instant suit. On March 27, 2020, Defendant the City of Palm Springs (the "City") filed an unopposed Motion to Dismiss for lack of prosecution (ECF No. 540). As such, the Court will resolve the pendant standing issue and the motion to dismiss for lack of prosecution together, as opposed to separate orders. For the reasons to follow, the Court **DISMISSES** the case finding that Plaintiff does not possess standing to maintain this suit and for lack of prosecution pursuant to Federal Rules of Civil Procedure ("Rule") 41(b).[1]

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## I. BACKGROUND

The Court discussed the relevant background and procedural history in its Order Denying Defendant's Motion to Dismiss. (*See* Order Den. Mot. to Dismiss ("Order"), ECF No. 452.) The Court incorporates that background by reference herein and provides the following additional summary of recent events. Plaintiff's lawsuit alleges the City discriminated against it by arbitrarily and capriciously applying the City's zoning and building codes to Plaintiff's sober living facilities. (*See* Order 2.)

On July 7, 2014, the Court granted in part and denied in part Defendant City of Palm Springs (the "City") Motion for Summary Judgment. (Summ. J. Order, ECF No. 92.) The Court granted summary judgment in favor of the City on Plaintiff's reasonable accommodation claims and on its intentional discrimination claims premised on the City's failure to issue conditional use permits ("CUPs") for the facilities. (Summ J. Order 48.) The Court denied summary judgment on Plaintiff's intentional discrimination claims premised on the fact that the City required it to submit CUP applications for the facilities in the first place. (Summ J. Order 48.)

Thereafter, on November 21, 2017, the City moved to dismiss the case. (Mot. to Dismiss I, ECF No. 434.) Accordingly, the Court vacated all dates and deadlines except those related to the City's Motion. (Min. Order, ECF No. 437.) Plaintiff in turn filed its opposition. (Opp'n to Mot. to Dismiss I, ECF No. 438.) In deciding the Motion to Dismiss, the Court found that Plaintiff satisfied all requirements necessary to establish Article III standing; that Plaintiff suffered an injury in fact through economic damage because it maintained an economic interest in the subject property, despite the City's argument that Plaintiff's sale of the property removed standing. (Order 11–12.) The Court concluded that Plaintiff's sale of the property and business did not eliminate standing based on Plaintiff's representation that the sale was contingent. (Order 12.)

On May 7, 2018, the City moved for reconsideration, arguing that new evidence emerged proving that Plaintiff's sale of the subject property was not contingent. (Mot.

for Recons. ("Recons."), ECF No. 458.)  The City asserted that it learned through Plaintiff's amended Rule 26 disclosures that Plaintiff was in the process of terminating and unwinding the sale agreements, due to a breach of those agreements by third-party Urwell.  (Recons. 10.)  The City argued that the process of terminating and unwinding the sale would be unnecessary if the agreements were contingent or conditional, as Plaintiff previously asserted.  (Recons. 13–16.)  The City also pointed to a website for Ken Seeley Communities, LLC, an entirely different entity, which advertises the facilities as its own.  (Recons. 11.)  The Court found that questions remained regarding ownership and operation of the subject property such that reconsideration was warranted.  (Order Granting Recons. 4, ECF No. 469.)  Moreover, the Court expressed concern with the veracity of statements made by Plaintiff's principals during the litigation.  (Order Granting Recons. 4.)  Accordingly, the Court granted reconsideration of its order denying the City's motion to dismiss, and ordered Parties to submit supplemental briefing.  (Order Granting Recons. 5.)

Both Parties filed supplemental briefs and the Court heard argument and took the matter under submission on November 15, 2018.  (City's Suppl. Br. in Supp. of Mot. to Dismiss I ("City's Suppl Br."), ECF No. 475; Pl.'s Suppl. Br. in Opp'n of Mot. to Dismiss I ("Pl.'s Supp. Br."), ECF No. 483; Min., ECF No. 497.)  On December 17, 2018, Plaintiff filed a Notice of Status for State Court Litigation concerning Cardenas Three's Motion to Expunge *Lis Pendens* and requesting that the December 27, 2018 trial date be continued pending the outcome of the motion to expunge.  (Notice of Status, ECF No. 501.)  The City agreed, and Parties asked the Court to withhold its final decision on Plaintiff's standing.  (Pl.'s Resp., ECF No. 503.)  Accordingly, the Court continued the December 27 trial, withheld a final ruling, and ordered the Parties to file a Joint Status Report informing the Court of the outcome of the Motion to Expunge within 14 days of decision.  (Min. Order, ECF No. 507.)

On January 22, 2019, Parties informed the Court that the California State Court granted the Motion to Expunge Plaintiff's notices of *Lis Pendens*. (Joint Status Report, ECF No. 509.) Then, on May 9, 2019, the California Court of Appeals denied Plaintiff's petition for writ of mandate, and consequently, made the expungement of the *Lis Pendens* final and binding. (Def.'s Status Report 3, ECF No. 511.) On May 14, 2019, Cardenas Three recorded the signed order expunging the notices of *Lis Pendens* with the County of Riverside. (Def.'s Status Report 3.) Thereafter, on May 17, 2019, in a separate parallel action, Plaintiff filed a Third Amended Complaint seeking to confirm recession and termination of the Business Purchase Agreements and rescind and unwind all of the real estate transactions to ensure that the Trustees[2] could regain ownership of the facilities. (Def.'s Status Report, Ex. D, ECF No. 511-1.)

Most recently, Cardenas Three served Plaintiff with a Ninety-Day Notice to voluntarily vacate both facilities at issue on June 23, 2019. (Def.'s Status Report, Exs. A–B ("Ninety-Day Notices"), ECF No. 516.) Thereafter, on March 27, 2020, the City moved to dismiss this case for failure to prosecute pursuant to Federal Rules of Civil Procedure ("Rule") 41(b), which Plaintiff failed to oppose. (Mot. to Dismiss II, ECF No. 540.) Accordingly, the Court determines that it is now appropriate to rule on the issue of standing and whether Plaintiff has failed to prosecute its case.

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject-matter jurisdiction. The Article III case or controversy requirement limits a federal court's subject-matter jurisdiction, which includes the requirement that plaintiffs have standing to bring their claims. *Chandler v. State Farm Mut. Auto. Ins.*

---

[2] On June 5, 2014, Plaintiff transferred ownership of the two facilities to two trusts. Title was transferred to the Trusts, which Seeley and MacLaughlin were the sole beneficiaries and Trustees.

*Co.*, 598 F.3d 1115, 1121–22 (9th Cir. 2010). Rule 12(b)(1) jurisdictional attacks can be either facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

When a motion to dismiss attacks subject-matter jurisdiction on the face of the complaint, the court assumes the factual allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. *Doe v. Holy See*, 557 F.3d 1066, 1073 (9th Cir. 2009). Moreover, the standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply with equal force to Article III standing when it is being challenged on the face of the complaint. *See Perez v. Nidek Co.*, 711 F.3d 1109, 1113 (9th Cir. 2013); *Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131 (9th Cir. 2012). Thus, in terms of Article III standing, the complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

On the other hand, with a factual Rule 12(b)(1) attack, a court may look beyond the complaint. *See White*, 227 F.3d at 1242–43 (affirming judicial notice of matters of public record in Rule 12(b)(1) factual attack); *see also Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) (holding that a district court is free to hear evidence regarding jurisdiction). In a factual attack, a court need not presume the truthfulness of the allegations in the complaint. *White*, 227 F.3d at 1242. But courts should refrain from resolving factual issues where "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of the factual issues going to the merits." *Augustine*, 704 F.2d at 1077 (holding that resolution of factual issues going to the merits requires a court to employ the standard applicable to a motion for summary judgment).

**B.     Rule 12(b)(6)**

Under Rule 12(b)(6), a court may dismiss a complaint for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). To

survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level" and a claim for relief must be "plausible on its face." *Twombly,* 550 U.S. at 555, 570.

Determining whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Moreover, a court may take judicial notice of matters of public record without converting the motion into one for summary judgment. *E.g.*, *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012).

### III. DISCUSSION

After, the Court granted in part and denied in part the City's motion for summary judgment, the Court found the following intentional discrimination claims remained: (1) the Fair Housing Act ("FHA"), (2) the ADA ("American with Disabilities Act"), and (3) the California Fair Employment and Housing Act ("CFEHA"). (Summ. J. Order.) The Court also held that the remaining basis for each claim was the City's requirement that Plaintiff submit CUP applications and the Fire Department's reclassification of the facilities under the State Building and Fire Codes. (Summ. J. Order 43.)

The Court initially denied the City's motion to dismiss on the basis that "[Plaintiff] maintain[ed] an economic interest in the [f]acilities that are subject to City's zoning classifications . . . because [Plaintiff]'s deal with Urwell [was]

contingent upon [Plaintiff]'s success in its claim against City." (Order 12.) However, newly discovered facts later established that Plaintiff's deal with Urwell was not contingent, so the Court granted reconsideration of the City's motion to dismiss for lack of standing. (Order Granting Recons. 4.) As such, the City renews it argument that Plaintiff lacks standing because it owns neither the facilities nor the business being operated at the facilities. (City's Suppl. Br. 22.)

Accordingly, the City presents three arguments against standing: 1) Plaintiff misled the Court by arguing in its opposition to the City's motion to dismiss that the sale to Urwell was contingent; 2) the current property owner, Cardenas Three, took title without constructive knowledge of the ongoing dispute and is a bona fide purchaser, which precludes rescission as a remedy to any party; and 3) Plaintiff no longer has a direct and concrete economic stake in the outcome of this case because Plaintiff is now a trespasser, no longer a lessee of the facilities, and thus, it may not secure CUPs. (Reply to Opp'n ("Reply") 10–12, ECF No. 442; Recons. 7–8, 12–16; City's Suppl Br. 24, 30, 32–33; Ninety-Day Notices.) The Court finds the City's third argument dispositive and limits its discussion as such.

**A.   Standing**

For reasons to follow, the Court concludes that Plaintiff no longer has a direct and concrete economic stake in the outcome of this case, even if Plaintiff regained ownership of its business, because Plaintiff is now a trespasser and no longer a lessee of the facilities.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). In federal court, standing to sue is governed by federal law, even in diversity cases based on state law claims. *Greenberger v. S. F. Police Dep't*, No. C-01-2163 PJH, 2001 WL 969048, at *1 (N.D. Cal. Aug. 13, 2001). A plaintiff invoking federal jurisdiction bears the burden of establishing the "irreducible constitutional minimum" of standing by demonstrating (1) an "injury in fact,"

(2) "fairly traceable to the challenged conduct of the defendant," and (3) "likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins* 136 S. Ct. 1540, 1547 (2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). Moreover, a party must, at all times during an action, "continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis*, 494 U.S. at 477); *Williams v. Boeing Co.*, 517 F.3d 1120, 1127 (9th Cir. 2008) ("In addition to having standing at the outset, a plaintiff's stake in the litigation must continue throughout the proceedings, including on appeal.").

The City argues that "even if [Plaintiff] regained the business from Urwell, [Plaintiff] has no right to conduct its business at the Properties," and accordingly, no longer has a direct and concrete economic interest. (City's Suppl. Br. 26.) Plaintiff counters by asserting it continues to have a direct and concrete economic stake in the outcome of this case because it remains in possession of the facilities, continues to operate sober living homes there, and seeks to recover title to the facilities. (Pl.'s Suppl. Br. 16.)

"To demonstrate standing, the plaintiff must allege an injury in fact to show he has such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Ctr. For Biological Diversity v. Kempthorne*, 588 F.3d 701, 707 (9th Cir. 2009) (internal quotation marks and emphasis omitted). However, "no right can be initiated by means of a trespass for the 'trespasser can acquire no rights by his tortious acts.'" *Ky. Elec. Power Co. v. Norton Coal Mining Co.*, 93 F.2d 923, 927 (6th Cir. 1938) (quoting *Searl v. Sch. Dist*, 133 U.S. 553, 562 (1890)).

Here, Plaintiff fails to show that it continues to have a personal stake in the outcome of the controversy. Foremost, on June 23, 2019, Cardenas Three served Plaintiff Ninety-Day Notices to voluntarily vacate both facilities at issue. (Ninety-Day Notices.) Ninety days have elapsed since Cardenas Three served notice; accordingly, Plaintiff is now a trespasser and unlawfully possesses the two facilities at

issue. *Fragomeno v. Ins. Co. of the W.*, 207 Cal. App. 3d 822, 828–29 (1989) *disapproved of on other grounds* (discussing that a tenant for a fixed term who remains in possession after the expiration of the original term without the consent of the landlord is a trespasser). In response, Plaintiff inappositely cites to *Santa Fe Springs Realty Corp. v. City of Westminster*, where the court held that a business owner-operator had an economic interest sufficient to confer standing to challenge a city's actions, despite not owning the property at issue. 906 F. Supp. 1341, 1352 (C.D. Cal. 1995). However, in *Santa Fe Springs*, no facts indicate that the plaintiff was a trespasser and unlawfully operating on the premises. *See id.* Thus, *Santa Fe Springs* is inapposite with respect to the facts in this case. Moreover, the Court finds *Costanzo* compelling, which persuasively held that plaintiffs who had previously enjoyed use of land, whether as licensees or trespassers, lacked standing to challenge plans that would impair their use of the land. *Conservation Council of N. C. v. Costanzo*, 505 F.2d 498, 501–502 (4th Cir. 1974). As Plaintiff is a trespasser and may no longer lawfully operate its business on the facilities, accordingly, Plaintiff has no standing to challenge the requirement to apply for CUPs as discriminatory. Therefore, Plaintiff no longer has a direct and concrete economic interest at stake in this case.

Therefore, Plaintiff lacks standing to challenge the City's requirement that it apply for CUPs or the Fire Department's reclassification of the facilities, and thus case is **DISMISSED** for want of jurisdiction.

B.  **Failure To Prosecute**

Furthermore, the City also moves to dismiss this case for failure to prosecute pursuant to Federal Rules of Civil Procedure ("Rule") 41(b). (*See* Mot. to Dismiss II.) The City noticed the hearing on the motion to dismiss for failure to prosecute for April 27, 2020. (*See* Mot. to Dismiss II.) Pursuant to Local Rule 7-9, Plaintiff's opposition was due no later than April 6, 2020. *See* C.D. Cal. L.R. 7-9 (requiring oppositions to be filed no later than twenty-one days before the motion hearing). To date, Plaintiff has not opposed the motion.

"The district court has the inherent power *sua sponte* to dismiss a case for lack of prosecution." *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986). Moreover, Central District of California Local Rule 7-12 provides that "[t]he failure to file [a responsive document], or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12; *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal on the basis of unopposed motion pursuant to local rule).

The City moves to dismiss all claims by Plaintiff. (*See* Mot. to Dismiss II) Prior to dismissing a plaintiff's action pursuant to a local rule, courts must weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson*, 779 F.2d at 1423). "Explicit findings with respect to these factors are not required." *Ismail v. Cty. of Orange*, SACV 10-00901 VBF (AJW), 2012 WL 12964893, at *1 (C.D. Cal. Nov. 7, 2012) (citing *Henderson*, 779 F.2d at 1424; *accord*, *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 129 (9th Cir. 1987), *cert. denied*, 488 U.S. 819 (1988)). In *Ghazali*, the Ninth Circuit found these factors satisfied where the plaintiff received notice of the motion, had "ample opportunity to respond," yet failed to do so. *See Ghazali*, 46 F.3d at 54.

Here, Plaintiff received notice of the motion and had ample opportunity to respond, yet Plaintiff did not file an opposition, timely or otherwise. Plaintiff is represented by counsel in this matter and its attorney is a registered CM/ECF user who receives notice of electronic filings in this action. Further, parties met and conferred regarding the City's intention to file this motion to dismiss. Furthermore, Plaintiff participated in this action as recently as early March, when it sought yet another continuance of the trial and related dates. Thus, Plaintiff had notice of the motion. Hence, there is no excuse for Plaintiff's failure to oppose now. Finally, Plaintiff was ordered to file pre-trial documents by March 13, 2020 but has failed to

file. As such, the Court construes Plaintiff's failure to respond to the City's motion as consent to the Court granting it and Plaintiff's failure to file its pre-trial documents further support the Court's determination that Plaintiff has failed to prosecute its case.

Accordingly, pursuant to Local Rule 7-12 and *Ghazali*, the Court **GRANTS** the City's motion to dismiss. (ECF No. 540.)

## IV. CONCLUSION

For the reasons discussed above, the Court **DISMISSES** this case with prejudice, for lack of standing and failure to prosecute. All other dates and deadlines in this action are **VACATED** and taken off calendar. The Court will issue judgment.

**IT IS SO ORDERED.**

April 15, 2020

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE