**O**

# United States District Court
# Central District of California

INTERVENTION911,

       Plaintiff,

    v.

CITY OF PALM SPRINGS,

       Defendant.

Case № 5:13-cv-01117-ODW (SPx)

**ORDER DENYING DEFENDANT'S MOTION TO PARTIALLY VACATE OR MODIFY JUDGMENT [548]**

## I.     INTRODUCTION

Presently before the Court is Defendant City of Palm Springs's ("City") Motion to Partially Vacate/Modify Judgment Pursuant to Federal Rule of Civil Procedure 60(a) and/or 60(b)(6). (Mot. to Partially Vacate/Modify J. ("Motion" or "Mot."), ECF No. 548.) The matter is fully briefed. (*See id.*; Opp'n to Mot. ("Opp'n"), ECF No. 550; Reply ISO Mot. ("Reply"), ECF No. 551.) For the following reasons, the Motion is **DENIED**.[1]

## II.     BACKGROUND

On April 15, 2020, the Court dismissed this action with prejudice on two alternative bases, finding that Plaintiff Intervention911 (1) lacked standing, and

---

[1] After carefully considering the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

(2) failed to prosecute the action. (*See* Order Dismissing Case ("Order"), ECF No. 546.) The next day, the Court issued a Judgment for Defendant City of Palm Springs ("City") stating in part, "Each party shall bear its own fees and costs." (J., ECF No. 547.) Now, the City moves the Court to partially vacate or modify the Judgment to award the City $52,962.86 in costs. (Mot. 6.)

### III.     DISCUSSION

The City asks the Court to modify its Judgment under Rules 60(a) and/or 60(b)(6), specifically to comply with the requirements of Rule 54(d)(1). (*See* Mot.) Rule 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Although the rule creates a presumption in favor of awarding costs to a prevailing party, it also vests discretion in the district court to refuse to do so. In exercising that discretion, a district court must 'specify reasons' for its refusal to award costs." *Berkla v. Corel Corp.*, 302 F.3d 909, 921 (9th Cir. 2002) (citation omitted). The City therefore argues that the Court's Judgment must be amended—whether the Court ultimately awards costs or not—because the Court was required to either (a) follow Rule 54(d)(1)'s presumption by awarding costs to the City, or (b) specify a "valid reason" for departing from that presumption. (*See* Mot. 10–14.) And according to the City, there exists no such "valid reason" to deprive the City of the costs to which it is presumptively entitled. (*Id.*) As the City's request is brought under two Rules, the Court considers both applicable frameworks.

### A.     Rule 60(a)

Federal Rule of Civil Procedure ("Rule") 60(a) permits the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" either "on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). Stated otherwise, the court "may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision." *Robi v. Five Platters, Inc.*, 918

F.2d 1439, 1445 (9th Cir. 1990) (citing *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987)).   Rule 60(a) exists to correct "blunders in execution"; it does not apply in "instances where the court *changes its mind*, either because it made a legal or factual mistake in making its original determination, or because on second thought it has decided to exercise its discretion in a manner different from the way it was exercised in the original determination." *Blanton*, 813 F.2d at 1577 n.2 (quoting *United States v. Griffin*, 782 F.2d 1393, 1397 (7th Cir. 1986)).

Here, Rule 60(a) does not apply.   In essence, the City respectfully argues that the Court made a legal mistake in failing to follow Rule 54(d)(1).   (*See generally* Mot.)   The Court's Judgment stating that each party would be responsible for its own costs was not a "blunder[] in execution."   *See Blanton*, 813 F.2d at 1577 n.2.   Accordingly, the City's Motion is **DENIED** to the extent it is brought under Rule 60(a).

**B.     Rule 60(b)(6)**

Under Rule 60(b)(6), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." *Henson v. Fidelity Nat'l Fin., Inc.*, 943 F.3d 434, 443 (9th Cir. 2019) (quoting Fed. R. Civ. P. 60(b)(6)).   "Motions for relief from judgment pursuant to Rule 60(b) are addressed to the sound discretion of the district court . . . ." *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th. Cir. 2004).   "Judgments are not often set aside under Rule 60(b)(6).   Rather, the Rule is used sparingly as an equitable remedy to prevent manifest injustice . . . ." *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006) (internal quotation marks omitted).   "A movant seeking relief under Rule 60(b)(6) must show '"extraordinary circumstances" justifying the reopening of a final judgment.'" *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)).

In opposing the City's Motion, Intervention911 argues among other things that the award of costs in this case is governed by 28 U.S.C. § 1919, not Rule 54(d)(1),

because the case was dismissed for lack of standing—a jurisdictional ground. (Opp'n 4.)   The City does not address this argument on reply.   (*See* Reply.)   But Intervention911 is correct.

Section 1919 states, "Whenever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court *may* order the payment of just costs."  28 U.S.C. § 1919 (emphasis added).  Section 1919 "is explicitly a discretionary cost statute" that "stands in stark contrast to costs under Rule 54(d), which turns on a prevailing party standard."  *Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1157 (9th Cir. 2012) (citing *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003)). To be sure, "[t]he court's authority under § 1919 was 'manifestly designed to avoid the application of the general rule, which, in cases where the suit failed for want of jurisdiction, denied the authority of the court to award judgment against the losing party, even for costs.'"  *Id.* at 1157–58 (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 387 (1884)).  "But the mere fact that authority is now granted *does not mean that costs are mandated*."  *Id.* at 1158 (emphasis added) (citing *Miles*, 320 F.3d at 988 n.2 ("Unlike Rule 54(d), § 1919 is permissive . . . and does not turn on which party is the 'prevailing party.'")).

Section 1919 clearly applies in this case.  The Court dismissed the action for want of jurisdiction because it found that Intervention911 lacked standing to continue pursuing its claims.  (Order 9.)   Additionally, Rule 41(b), upon which the Court alternatively dismissed the action for failure to prosecute, provides that "a dismissal under this subdivision (b) and any dismissal not under this rule—*except one for lack of jurisdiction*, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  In its moving papers, the City wholly relies on Rule 54(d)(1)'s presumption that costs be awarded to a prevailing party and simply ignores § 1919 and the first independent ground upon which the Court dismissed the case.  (*See generally* Mot.; Reply.)  Because Rule 54(d)(1) does not control in this case, the City fails to present "extraordinary circumstances

justifying the reopening of" the Judgment.  *See Jones*, 733 F.3d at 833 (internal quotation marks omitted).  Thus, the City's Motion is **DENIED** to the extent it is brought under Rule 60(b)(6).

## IV.    CONCLUSION

For the foregoing reasons, the City's Motion to Partially Vacate/Modify Judgment Pursuant to Federal Rule of Civil Procedure 60(a) and/or 60(b)(6) is **DENIED**.  (ECF No. 548.)

**IT IS SO ORDERED.**

November 9, 2020

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**