O

# United States District Court
# Central District of California

| | |
|---|---|
| INTERVENTION911,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF PALM SPRINGS,<br><br>    Defendant. | Case № 5:13-cv-01117-ODW (SPx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT OF DISMISSAL [554]** |

## I.   INTRODUCTION

Currently before the Court is Plaintiff Intervention911's Motion to Vacate Judgment of Dismissal. (Mot. Vacate ("Mot."), ECF No. 554.) The matter is fully briefed. (Opp'n, ECF No. 555; Reply, ECF No. 557.) For the following reasons, the Court **DENIES** Intervention911's Motion.[1]

## II.   BACKGROUND

On April 15, 2020, the Court dismissed this action with prejudice on two alternative bases, finding that Plaintiff Intervention911 (1) lacked standing, and (2) failed to prosecute the action. (*See* Order Dismissing, ECF No. 546.) The next day, the Court issued a Judgment for Defendant City of Palm Springs ("City"). (J.,

---

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.

ECF No. 547.) Thereafter, the City moved to partially vacate or modify the Judgment to award the City its costs. (City's Mot. Vacate, ECF No. 548.) The Court denied the City's motion. (Order Den. Mot. Vacate, ECF No. 553.) Now, one year after entry of Judgment, Intervention911 makes its own motion to vacate the judgment entirely, pursuant to Federal Rules of Civil Procedure ("Rule") 60(b)(1), (2), and (6).

### III.     LEGAL STANDARD

Pursuant to Rule 60(b),

> [T]he court may relieve a party . . . from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief.

### IV.     DISCUSSION

The Court issued Judgment in this case on April 16, 2020. (J.) Exactly one year later, on April 16, 2021, Intervention911 filed the Motion to Vacate Judgment now under consideration. (Mot. 1.) The Motion is untimely under Rule 60(c), and, to the extent it is not untimely, Intervention911 fails to demonstrate grounds for relief.[2]

**A.     FRCP 60(b)(1)-(2): Untimeliness**

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed R. Civ. P. 60(c)(1). Motions subject to this one-year limitation "may be denied, although . . . filed within the one year period, if the district court finds that the defendant was guilty of laches or unreasonable delay." *Meadows v. Dominican Republic*, 817 F.2d 517, 520–21 (9th Cir. 1987). Many courts use the time period for filing an appeal (typically thirty days) as a benchmark for when it is reasonable to expect a party to move to vacate. *Werner v. Evolve Media, LLC*, No. LACV 18-07188-VAP-SKx, 2020 WL 7890835, at *4 (C.D. Cal. Nov. 10, 2020)

---

[2] As the Court does not rely on the challenged portions of the FitzGibbon Declaration in resolving this Motion, the City's objections thereto are overruled as moot.

("[W]here a party allows the thirty-day appeal period to expire before filing a Rule 60(b) motion, 'the interest in finality must be given great weight.'")

The one-year statutory limitation for motions under Rule 60(b)(1), (2), and (3) constitutes the Legislature's determination that under very few circumstances is a party justified in waiting a year to challenge a court's ruling. *See, e.g.*, *Werner*, 2020 WL 7890835, at *4–5 (finding unreasonable a newly associated attorney's five-month delay in moving to set aside court's order on summary judgment motion). Accordingly, a party moving to set aside a judgment on the eve of the one-year deadline must show "'extraordinary reasons' for doing so." *Pac. Cornetta, Inc. v. Jung*, 218 F.R.D. 250, 253 (D. Or. 2003); *United States v. Holtzman*, 762 F.2d 720 (9th Cir. 1985) (noting that "extraordinary circumstances" are required to set aside a judgment after a lengthy delay).

Intervention911's counsel declares that the main reason for the delay in filing this Motion was counsel's ill health. (Decl. of Thomas N. FitzGibbon ("FitzGibbon Decl.") ¶¶ 37–39, ECF No. 554-1.) But a careful review of the record reveals that this excuse is insufficient to justify the year-long delay. Between April 16, 2020, and April 16, 2021, the time period relevant to this Motion's timeliness, counsel declares only in general terms that he had "family obligations due to Covid and other client matters" during this period. (FitzGibbon Decl. ¶ 38.) Counsel does not declare that he had incapacitating health issues during this period. (*See generally id.*) Counsel also admits, at least impliedly, that during this period he has been actively involved in other cases, including cases in which Intervention911 is a party. (*Id.* ¶ 38.) Counsel fails to proffer an acceptable reason why he was able to keep up with other cases but not take any action in this one.

Moreover, the City submitted uncontested evidence demonstrating that Intervention911's counsel expressed an intent to seek vacatur in April 2020, and that counsel further conferred in May 2020. (Decl. of Robert L. Kaufman ("Kaufman Decl.") Ex. D ("April 2020 email chain"); Ex. E ("May 2020 email chain"), ECF

No. 555-1.) When Intervention911 had not moved as of June 2020, health issues were notably absent from counsel's represented reason for delay. (Kaufman Decl. Ex. G ("June 2020 email chain"), ECF No. 555-1.) Despite Intervention911's stated intention immediately following entry of Judgment, counsel now asks the Court to accept twelve months of delay based on vague assertions about counsel's health issues.

In this case, the year-long delay in seeking to vacate the judgment merely reflects Intervention911's knowing decision to expend resources on other cases while allowing this case to languish. Indeed, Intervention911's counsel effectively admits this strategy. (*See* FitzGibbon Decl. ¶ 38.) It appears that counsel intended to take advantage of the entire one-year maximum statutory deadline to maximize his client's chances of receiving a favorable ruling elsewhere to support this motion to vacate. The Court will not award this sort of delay and apparent gamesmanship. This case is over seven years old, and the evidence relating to Intervention911's claims and the City's defenses only grows more stale with the passage of time.

Intervention911 fails to establish the extraordinary circumstances necessary to warrant vacating the judgment after such a significant delay. Accordingly, to the extent this Motion is made under Rule 60(b)(1) or (2), it is untimely.

**B.     FRCP 60(b)(6): Inapplicability of Grounds; Untimeliness**

Turning to Rule 60(b)(6), this subsection allows courts to vacate judgments for "any other reason that justifies relief." In the Ninth Circuit, relief under Rule 60(b)(6) is unavailable if the motion is premised on another ground delineated in Rule 60. *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020). Thus, in a very simple sense, this Motion cannot be granted based on Rule 60(b)(6) because Intervention911 brings this Motion pursuant to Rule 60(b)(1) and (2)—that is, on grounds other than Rule 60(b)(6).

More substantively, in its moving papers, Intervention911 argues for relief under Rule 60(b)(6) because "the Plaintiff's claims have merit and it has standing to

pursue the action," and because "there are 'exceptional circumstances,' given the combination of calendaring mistake, health of counsel issues and the Covid-19 pandemic, when weighed against potential prejudice to the City." (Mot. 2, 21.) But these arguments all go to, and are not separate from, the first three grounds delineated in Rule 60(b). Thus, pursuant to *Bynoe*, the Court cannot vacate the judgment on this basis. 966 F.3d at 979. To the extent Intervention911 presents any non-duplicative equitable arguments for vacating the judgment, they do not constitute "extraordinary" or "compelling" reasons justifying relief. *Id.*

In the alternative, relief under Rule 60(b)(6) is denied as untimely for the reasons discussed previously. Although the one-year upper limit does not apply to motions made under Rule 60(b)(6), the "reasonable time" requirement does apply and counsel's delay in this case was not reasonable. Fed. R. Civ. P. 60(c)(1); see *Broomfield v. United States*, No. 2:14-cv-02558-CBM, 2015 WL 13891318, at *2 (C.D. Cal. June 19, 2015) (denying as untimely motion for relief under Rule 60(b)(6) because movant "provided no justification for his delay").

## V.   CONCLUSION

For the reasons discussed above, Intervention911's Motion to Vacate is untimely. The Motion is therefore **DENIED**. (ECF No. 554.)

**IT IS SO ORDERED.**

August 27, 2021

_____
OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE